The opinion of the Court was delivered by
Hott, J.
The rules of evidence appear to be reduced to something more like system, by modern decisions, and better understood than formerly.
At one time an opinion prevailed, that it was too late to object to the competency of a witness after he was sworn in chief. And it was not until the time of Lord Mansfield, that the line between that influence which shall only affect the credit of a witness, and interest which goes to his competency, was distinctly drawn. Walton v. Shelly, 1 T. R. 300.
*In the principal case, the release would have entirely removed the interest of the witness. It is true he would have been under L the influence of his testimony previously given ; but that was a question of credibility for the jury, and not of competency, for the Court to determine.
It does not necessarily follow, that because a witness has an interest in the event of a cause, that he will not tell the truth. And the readiness *558 with which the witness in this case offered to release his interest, furnished pretty strong proof that he had not acted under its influence. He was under no necessity, either legal or moral, to execute such a release. And it is not to be presumed that a person would do a voluntary act which would reduce him to the necessity of committing perjury, without some motive.
I am of opinion, that the testimony .ought to have been received, and that a new trial, therefore, ought to be granted.
Bay, Colcock, Johnson, Huger and Richardson, JJ., concurred.

 6 Strob. 89. This case is said (so far as concerns the informer’s right to a share of the penalty for retailing without license) to have been overruled by the Act of 1825, (9 Stat. 564,) and the case of the State v. Listerjette, 3 Hill, 257. See 2 Bail. 541; 1 N. & McC. 26.

 4 Stat. 608, l 3; 5 Stat. 399 ; Ante, 240, note.