HALL (FELLOWS v.). See Cases Nos. 4,722 and 4,723.

---

## Case No. 5,932.

### HALL v. FOX.

[3 Cranch, C. C. 64.][1]

Circuit Court, District of Columbia. Dec. Term, 1826.

WITNESSES—INTERESTED WITNESS—RELEASE.

1. An interested witness who has been sworn in chief and examined, and whose interest is disclosed upon cross-examination, may be released, and re-examined.

2. A release of a witness may be executed by the party, leaving a blank, for the name of the witness, to be filled up by the party's attorney.

[This was a suit by Hall, for the use of Carter, against Fox.]

A. T. F. Bill was examined on his voir dire, and said he was not interested, and was, thereupon, sworn in chief for the plaintiff. Upon his cross-examination his interest was disclosed, and the plaintiff then offered to release and re-examine him.

But THE COURT refused to permit him to be re-examined after tender of the release; saying that as he had already given his testimony, he was interested by all the pains and penalties of perjury, to affirm what he had already testified. But upon looking into 4 Starkie, Ev. 758; Callow v. Mince, 2 Vern. 472; Sikes v. Marshal, 2 Esp. 708; Heyl v. Burling, 1 Caines, 14; Doty v. Wilson, 14 Johns. 378; City Council v. Haywood, 2 Nott & McC. 308,—THE COURT (nem. con.) said it was an objection to the credit, and not to the competency of the witness. The release had been sent to Mr. C. Cox, upon his request by letter, in which he mentioned the name of the witness who was to be released. The release was signed and sealed without a subscribing witness, and a blank left for the name of the witness who was to be released, and inclosed in a letter from Mr. Carter to Mr. Cox, in which he approved of his suggestion to release the witness. Mr. Cox testified to these facts, and that he was acquainted with the handwriting of Mr. Carter, having received many letters from him,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

in answer to his own, upon business, but had not seen him write. He believed the release and its signature to be in the handwriting of Mr. Carter. He filled up the blank, as he thought himself authorized to do.

THE COURT said that the execution of the release was sufficiently proved; and permitted the witness to be re-examined.