*Jackson, on the demise of John Jauncey,* v. *Martinus
Cooper and James Styles.*

THIS was an action of ejectment, in which the
defendants severed in their appearances, and entered
into separate consent-rules. The plaintiff, on motion,
obtained leave to amend by altering the name of the
lessor of the plaintiff from *John* to *William Jauncey;*
but the notices on which the motion was founded
were entitled as above, against both defendants.

*Benson* now moved to set aside the proceedings for
irregularity, contending, that as the defendants had
severed, the original suit became divided into two
distinct causes. That, therefore, there should have
been two separate notices, each entitled against one
defendant, and served on the different attornies of
the defendants. For there was not then any suit in
existence such as that in which the notices purported
to be given.

*Hopkins,* for the plaintiff, insisted, the notice was
perfectly regular, and likened it to the case of a suit
against two, where one is outlawed, yet the proceed-
ings are entitled against both.

*Per Curiam.* The objection taken against the no-
tices and rules is, that as the defendants appeared by
distinct attornies, and entered into separate consent-
rules, these circumstances required separate and dis-
tinct proceedings, and ought to have been entered and
entitled as separate; that is, that the notices should
have been separate, addressed to each party, and the

rules entered accordingly. The notice given to *Van*
*Schaick*, attorney for *Cooper*, is entitled against two :
and it is on that notice the application is made. The
court are of opinion, that this is the regular way in
which the notice should be entitled, though each par-
ty should be served. It does not follow, that appear-
ing separately, and entering into separate consent-
rules, justifies or requires a different practice : for
pleading separately does not make separate suits.
The notice must be as the cause was originally enti-
tled, and a copy served on all the attornies : for other-
wise it would imply a distinct issue in each suit.

Motion refused with costs to the plaintiff.