Thompson, Ch. J.,
delivered the opinion of the court. As. this case now appears before the court, there is some difficulty "with respect to the competency gf Kittle, as a witness, when he • *383 was sworn and examined. There can be no doubt, that a lease given after the examination of an interested witness,: comes too late to validate his testimony. The witness must be disinterested at the time of his examination. Unless the release is given before the examination, it does not remove the influence, which the law presumes the interest has upon the mind of the witness. (1 Caines, 19.) If we are to understand the case as stating, that the defendant’s counsel persisted in the objection to the witnesses being examined, until a competent release was formally executed, and that the judge directed the examination to proceed, de bene esse, the decision was incorrect. But the case may well admit of the interpretation, that there was some informality about the first release that required correction ; and, to save time, the judge permitted the witness to be examined, whilst the release was correcting, and this without any objection on the part of the defendant to the examination .going on. This, we think, is the light in which we ought to view the case.
Considering Kiltie a competent witness, his testimony goes very fully to establish the plaintiff’s right to recover. The defendant admitted to him, in the most unqualified manner, that the debt paid by the plaintiff to Stanton, by reason of the escape, was to the defendant’s debt, and belonged to him to pay, and promised that he would pay it. These acknowledgments and promises were made, after the plaintiffhad paid the money to Stanton, and after the defendant had been discharged under the insolvent act. If the promise, therefore, was valid and binding, it would not be affected by the discharge. And being made after the escape, and not for the purpose of procuring it, the promise was valid,; it falls within the principle laid down by this court, in the case of Given v. Driggs; (1 Caines, 460.) that a bStiff given to indemnify against an escape that has already happened, is good. If a moral obligation to pay a debt is a sufficient consideration to uphold a promise to pay it, as was laid down by this court, in Stewart v. Eden, (2 Caines, 152.) the circumstances attending this case are • abundantly sufficient to raise such a consideration. But the case does not rest on this alone. Here is a real and substantial benefit, resulting to the defendant from this payment. He is exonerated from his liability to Stanton. Nor does this case fall *384 within the rule that makes void promises founded upon a past consideration, unless moved by a precedent request.
No difficulty arises with respect to the pleadings. The declaration contains the usual money counts, and, of course, a request is sufficiently laid. It is laid down, by the court, in Comstock v. Smith, (7 Johns. Rep. 88.,) that it is not even necessary to lay an express request in the declaratiou, in all cases of a past consideration. Though the cases in which it is not required, are rather exceptions to the general rule, and are those in which a beneficial consideration, and a request, are necessarily implied, from the moral obligation under which the party was placed. We may here refer to the cases as well cpllected, in I Saund. 264. n. 1. It is there laid clown, as the result of all of them that where a party derives a benefit from the consideration, it is sufficient, because equivalent to a previous request. As where a man pays a sum of money for me, without my request, and I afterwards agree to the payment, this is equivalent to a previous request to do so. Jf this be a sound and just conclusion from the cases, it is directly applicable to the case before us. The benefit to the defendant, connected with his express promise to pay, must be deemed equivalent to a previous request. It was an adoption of the payment as made for the benefit of the defendant, and a subse4ii~nt ratificabon is equivalent to an original command. The opinion of the court, accordingly, is, that the' motion for a new trial must be denied.