## PARKER vs. CRANE.

The *possession of lands* being an interest which is the subject of sale, is an adequate consideration to support a promise to pay for the price thereof.

If the consideration be *past* at the time of the promise, the act done, which is the consideration of the promise, must be stated to have been done *upon the request* of the party promising.

DEMURRER. The declaration contains two counts in assumpsit on a special agreement. In the first count the agreement is set forth in *hæc verba ;* it bears date in July, 1820, and after reciting, that whereas the plaintiff did, in April then last past, sell and convey unto the defendant *the possession of a lot of land* containing 50 acres, being part of lot No. 6, in Junius, said to be escheated to the state, the defendant undertook to pay to the plaintiff $127,50, on or before the 1st February then next, if he, the defendant, should be able to procure a deed of conveyance *of the soil* of the 50 acres from the commissioners of the land office or otherwise, so as to obtain for himself a good and sufficient title to the same, or should ascertain whether John Mapes of Orange county, who formerly laid claim to the land, had, or was to have, after the date of the agreement, any right or title to the fee of the land, provided that such title was obtained by the defendant, or such information received previous to the said day of payment. The plaintiff then averred that on the 27th February, 1828, the defendant obtained title to the land by *letters patent* from the state, and set forth the same also in *hæc verba,* and concluded in the usual form, that the defendant had not paid the money specified in the agreement. In the second count the agreement was set forth substantially, the promise being alleged to be made in consideration that the plaintiff did, in April *preceding* the date of the agreement, sell and convey unto the defendant the *possession* of the said lot of land, and all proper averments being made. The defendant pleaded the general issue, and *non-assumpsit infra sex annos* to each count. The plaintiff demurred.

NEW-YORK,
May, 1831.

Parker
v.
Crane.

*J. A. Spencer*, for the plaintiff, insisted that the plea of *non-assumpsit infra*, &c. was not proper in this case ; that if the defendant could avail himself of the statute of limitations, he should have pleaded *actio non accrevit*, &c. 2 *Saund.* 63, c.

*J. McAlister*, for defendant. The declaration is bad. The first count is defective in not alleging any consideration for the promise. 3 *Johns. R.* 100. 4 *id.* 135, 280, 296. 5 *id.* 272. It is bad also in not alleging that the plaintiff sold his possession at the defendant's request. 3 *Caines*, 286. 7 *Johns. R.* 87. The *second* count is bad in stating the promise to be on a past consideration, and in not averring that the possession was sold at the request of the defendant. Both counts are bad in not averring that the plaintiff was ever possessed of the land ; in not setting forth the mode of conveyance from him to the defendant ; in not alleging that the land was conveyed by the state to the defendant, as being possessed thereof *bona fide*, under color of title, according to the requirements of the statute, and in not averring that the defendant obtained a good and sufficient title.

*By the Court*, SAVAGE, Ch. J. Several objections are taken to the declaration. The defendant's counsel says very little in support of his pleas, but attacks the declaration. It is certainly true that every promise must have a sufficient consideration to support it, unless the promise be under seal, or by writing, importing a consideration ; as for instance, a promissory note : in such cases a consideration need not be stated in the declaration. This is not such a case.

The counts are substantially alike ; the first sets out the written agreement in terms, the second states the substance of it. The consideration stated is the sale and conveyance, on a day which was then *past*, of the possession of 50 acres of land, being part of lot No. 6, *Junius*, said to be escheated to the state. A consideration upon which an assumpsit shall be founded, must be for the benefit of the defendant, or to the trouble or prejudice of the plaintiff. 1 *Fonb.* 336, n. 5 *Johns. R.* 277. The *possession of lands* is an interest which may be the subject of a sale, and therefore is an adequate consideration to support a promise for the price. The trans-

fer of the possession was a prejudice to the plaintiff, and a benefit to the defendant, and therefore a good consideration; but as stated in the contract, it was a *past* consideration, and therefore it should have been stated that the possession was sold at the *request of the defendant.* The case of *Comstock* v. *Smith,* 7 *Johns. R.* 87, is in-point. There the plaintiff stated in one count, for that whereas the defendant, on the 15th March, 1808, in consideration that the plaintiff had, *before that time,* sold and conveyed to the defendant a certain farm, undertook and promised, &c. On a motion in arrest, the court said: This is a promise on a past consideration, and all the cases agree that it should be laid as done *upon the request of the party promising,* or at least it must appear that the party promising was under a moral obligation to perform the promise. 1 *Caines,* 585. 1 *Fonb.* 336, *n.* I cannot distinguish this case from *Comstock* v. *Smith.* It is also objected that it should have been stated that the defendant came within the provisions of the statutes relating to escheated lands. That was not necessary. The plaintiff transferred the possession to the defendant. If, by virtue of that transfer, he obtained title, the promise attached.; but for the defect above stated, both counts are bad, and the defendant is entitled to judgment, with leave to plaintiff to amend, on payment of costs.