[ *97 ]        *Ehle *vs.* Judson.

The transferring to another a *bargain* for the purchase of land is not a good consideration of a note for the payment of money, where there is no *valid agreement* on the part of owner of the land to convey, and where the negotiation with him for the sale of the farm was made without any *request* from the maker of the note.

A mere moral or conscientious obligation, unconnected with a prior legal or equitable claim, is not a sufficient consideration to support a promise.

This was an action of *assumpsit*, tried at the Madison circuit in September, 1838, before the Hon. Philo Gridley, one of the circuit judges.

The action was by the plaintiff as the holder of a note payable to Elisha Swift, or *bearer*, for the sum of $100, transferred after maturity. The defence set up was *want of consideration*. The defendant had been in negotia-

tion with one *James Blatherwick* for the purchase of a farm, but not agreeing as to the price and terms of payment, abandoned the negotiation. *Elisha Swift* then treated with *Blatherwick* for the purchase of the farm on his own account, and induced Blatherwick to agree to accept from him a *less sum*, and also to reduce the amount of the *cash payment* to be made on the conveyance of the property. Swift told Blatherwick that he *thought* he should take the farm. The agreement, however, was by *parol*. In this state of the negotiation, *Judson*, the defendant in this cause, solicited *Swift* to give up his bargain, and consent to his becoming the purchaser upon the terms which *Blatherwick* had agreed to accept from him. The latter assented to the proposal, provided Judson would give him his note for $100, to pay him for his time and trouble in negotiating the purchase. Judson accordingly gave the note in question, and became the purchaser of the farm. Upon this state of facts, the defendant moved for a *nonsuit*, which was denied by the circuit judge, who held that this was the case of an executed consideration, the payee of the note had been put to trouble, and had by his address induced Blatherwick to \*reduce his demands for the farm,   [ \*98 ] which was an act beneficial to the defendant, upon which a promise to pay could be sustained; that no *actual request* from Judson to Swift to render the services performed was necessary to be shewn—that the law would *imply* a request. The jury, under the direction of the judge, found a verdict for the plaintiff, which the defendant now moves to set aside.

*B. Davis Noxon*, for the defendant.

*J. A. Spencer*, for the plaintiff.

*By the Court*, BRONSON, J. The note was given on a *past* or *executed* consideration. It was to compensate Swift for what he had done in negotiating for the farm, and obtaining the offer of better terms than Blatherwick had proposed to accept when the defendant was in treaty for the purchase. I am unable to see how this makes out a good consideration for the promise. Swift had not acted for the defendant, but for himself. The defendant had relinquished all idea of purchasing the farm before Swift commenced treating for it; and Swift neither acted at the defendant's request, nor with any view to his benefit: and beyond this, Swift had accomplished nothing, in a legal point of view. If a verbal contract had been completed, it would have been void under the statute of frauds. But he had not even made a void contract, if such an expression may be tolerated. He had only got an offer of terms from Blatherwick, and had told him he *thought* he should take the farm. The owner was under no obligation, not even honorary, to sell upon those terms, or to give Swift a preference over any other person, on whatever terms he might ultimately conclude to part with his property.

Services voluntarily rendered, though they may be beneficial to another, impose no legal obligation upon the party benefitted. *Bartholomew* v. *Jackson*, 20 *Johns. R.* 28. The services must be rendered upon request, *Dunbar* v. *Williams*, 10 *id.* 259; and in counting upon a past considera- [ *99 ] tion, a request must, in general, be alleged. *Comstock* v. **Smith*, 7 *id.* 87. *Parker* v. *Crane*, 6 *Wendell*, 647. It is not necessary that there should be direct evidence of a request. This, like most other facts, may be established by presumptive evidence; and the beneficial nature of the services, though not enough when standing alone, may be very important in a chain of circumstances tending to establish the presumption. 1 *Saund.* 264, *n.* 1. *Oatfield* v. *Waring*, 14 *Johns. R.* 188. *See also Doty* v. *Wilson, id.* 378. But here the services were not beneficial to the defendant; and besides, we see that they were not and could not have been rendered upon request. Swift was not acting for the defendant in the negotiation with Blatherwick, but for himself.

We are referred to cases where it has been said that a moral obligation is a sufficient consideration to support an express promise. *Stewart* v. *Eden*, 2 *Caines*, 150. *Doty* v. *Wilson*, 14 *Johns. R.* 378. *Lee* v. *Muggeridge*, 5 *Taunton*, 37. But this rule must be taken with some qualifications. The moral obligation to pay a debt barred by the statute of limitations, or an insolvent's discharge, or to pay a debt contracted during infancy or coverture, and the like, will be a good consideration for an express promise. But a merely moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough. 3 *Bos. & Pull.* 249, *note*. *Smith* v. *Ware*, 13 *Johns. R.* 257. *Lawes' Plead. Assump.* 54. 16 *Johns. R.* 283, *note*. But here the defendant was under no obligation of any kind to Swift. Nothing had been done at his request, or for his benefit. What Swift had done in negotiating for the farm was no more beneficial to the defendant, than it was to every other man in the state who might wish to buy a farm.

The plaintiff has often failed upon an express promise, in much stronger cases than this. I will only refer to two or three. In *Hunt* v. *Bate*, *Dyer*, 272, the plaintiff had, without request, become bail for the defendant's servant who was imprisoned, to the end that he might go about his master's business; and the defendant afterwards promised to indemnify the plaintiff. After verdict upon this promise, the judgment was arrested, because, as the court said, " there is no consideration wherefore the defendant [ *100 ] should *be charged for the debt of his servant, unless the master had first promised to discharge the plaintiff before the enlargement and mainprize made of his servant, for the master did never make request to the plaintiff for his servant to do so much, but he did it of his own head." In *Freer* v. *Hardenbergh*, 5 *Johns. R.* 272, the plaintiff had,

without request, made valuable improvements upon the defendant's land, and the defendant afterwards promised to pay for those improvements; but the promise was held to be a *nudum pactum*, and judgment was rendered for the defendant. The case of *Smith* v. *Ware*, 13 *Johns. R.* 257, was also upon an express promise, and is equally decisive against maintaining this action.

New trial granted.