Birchard, Judge.
Several errors are assigned in this record:
First: That the declaration is insufficient.
The declaration is the common count, authorized by the act to regulate judicial proceedings where banks and bankers are parties ; Swan’s Stat. 149, sec. 9 ; and it contains no averment that the plaintiffs were a body corporate. It is urged that the omission of this averment is fatal. If it shall be found that such averment is necessary, the conclusion would follow, inasmuch as the defect would go to the very title of the plaintiff.
In suits brought by corporations created by the laws of this state, this general form of pleading has always been held sufficient. Is it not equally so in the case of suits by foreign corporations ? Upon principles of comity, such corporations have always been allowed to 147] sue in this, and other states of the *Union. In many of the states, if not in all, it has been held sufficient to declare in the corporate name, without setting forth the act itself. Bank of United States v. Haskins, 1 Johns. Cases, 132.
In the case of the Bank of Michigan v. Williams, 5 Wend. 482, the court say ; “ a corporation, when it sues, need not set forth its title in the declaration, but it must show, by evidence, upon the trial, that it is a body politic, having legal authority to make the contract which it seeks to enforce.” So in the case of Jackson v. Plumbe, 8 Johns. 295, and in Dutchess Cotton Manufactory v. Davis, 14 Johns. 378, it is held that, where a corporation sues, they need not set forth, by averment in the declaration, how they were incorporated : but, upon the general issue pleaded, they must prove that they are a corporation.
To this point, the authorities are numerous.
*148 The next question upon the pleadings, is, whether foreign hanks, suing in this state, can avail themselves of the act regulating proceedings where hanks and bankers are parties, so as to maintain a joint action against a drawer and indorser.
The.mode of prosecuting suits within the courts of this state, is under the control of the legislature. What rules they may see proper to make, must be guides, as well to foreign as to domestic corporations. One object of the statute was, to prevent multiplicity of suits, and the consequent oppressive costs of litigation. The case of the Bank of the United States v. Fullerton, 1 Peter, 614, is in point, and sustains this declaration. The reason of the law is alike applicable to foreign and domestic banks, and there is no occasion to restrain the natural import of its words.
Nor has the objection, as to the want of an averment, that the plaintiff is a bank, any greater force; for, while it should, undoubtedly, appear that the plaintiff comes within the qualification of the statute, in order to take advantage of its provisions, we are of opinion that it is sufficiently apparent, upon the face of this declaration, that the suit is brought by a bank, *A formal averment of that fact, in [148 the body of the declaration, would, therefore, be superfluous.
Another error assigned is, that proof was not made of the plaintiff below being incorporated.
The absence of this proof does not distinctly appear upon the bill .of exceptions, and it is only made out by inference. But it is well remembered, by the judges who sat upon the trial, that no such question was then made. The case was tried, and conducted throughout, as if that fact were admitted. If the party intended to avail himself of any such defect of proof, the objection should have been made at the time, or, at least, some notice given of it in the bill of exceptions. In the case of Perkins v. Dibble, 10 Ohio, 433, it was held, that an objection, not taken on the circuit, will not be considered in bank. The court there say, “ the objection would have been fatal, if taken at the time of trial on the circuit. If, however, it had been made, no doubt the defect of testimony would have been supplied,” Ibid. 437. In almost every trial, there are facts necessary to make out the case, which, by the parties, are treated as admitted, without requiring formal proof. To make the absence of express proof, in such cases; ground for error, after verdict and judgment, would be unfair, and attended with great inconvenience. The rule adopted in the case of Perkins Dibble, is salutary, and we feel no disposition to depart from it.
*149 But, it is claimed for the defendant in error, upon the authority of a circuit decision, reported in 5 Ohio, 283, that a plea of the genera] issue admits the corporate capacity of the plaintiff, and that where a defendant intends to object the want of capacity to sue, he should have pleaded that matter specially, in abatement or in bar. As the question is one of importance in pleading and practice, it may be well to consider it. The case cited, is that of the Methodist Episcopal Church v. Wood, 5 Ohio, 283, and the authorities relied upon for the doctrine there laid down, are 1 Peter, 386, 450 ; 4 Peter, 591; 1 Bos. and Pul. 40 ; 1 Mass. 482, 484 ; 1 Saun. 34(), n. 2.
*The case of the Methodist Episcopal Church v. Wood, was that of a corporation created by a law of this state, of which the court were bound to take judicial notice. The question was not whether they had a charter, and were acting in a corporate capacity, but whether they had, in all things, complied with this act of incorporation. In the case of Conard v. The Atlantic Insurance Company, 1 Peter, 450, which was an action of trespass, the court held that no evidence of corporate capacity was required on a plea to the merits, upon the ground that the plea necessarily admitted that capacity, and that the objection could only be made on a plea in abatement. But, it is worthy of remark, that no such position seems to have been taken by counsel, and no authority to sustain the doctrine is cited; and the court proceed to say that, independent of that ground, the agreement upon’ which the trial was had, as well as the admission of the bond, “ was certainly prima facie evidence of an admission of the corporate capacity of the plaintiff, and sufficient to throw the burden of proof upon the other side.” The case of the Society for the propagation of the Gospel v. Town of Pawlet and Ozias Clarke, 4 Peter, 480, 510, which was an action of ejectment, is similar to the preceding, save that the point was argued ; for Justice Story remarks, that the evidence of corporate capacity is sufficient; and the certificate to the Circuit Court was, that the plaintiffs have shown that they have a right to sue. The case of The Proprietors of Kennebec v. Call, 1 Mass. 482, holds that a private act must be proved, and that the court would not take judicial notice of it. This was upon the general issue, in an action of trespass, and was not applicable to the case under consideration. For the plea of non assumpsit is much broader than that of not guilty in trespass, where many defences are inadmissible under the general issue. And, in the subsequent case of Portsmouth Livery Company v. Watson, 10 Mass. 92, it was hold, that foreign eorpora *151 tions are to be proved ; and satisfactory proof will be required as of any .other fact, material in issue to the country ; though of the state corporations, the court are judicially informed.
*The case of Mayor of Stafford v. Bolton, 1 Bos. and Pul. 40, [150 Was an action on the case for tolls, in which the plea was “ not guilty,” and proof of corporate existence was made ; but there being a misnomer, it was held that advantage could be taken of it only by plea in abatement. The principle there decided, and that contained in the note to 2 Saund. 240, is nothing more than that a misnomer of a corporate plaintiff, like that of a natural person, is not to be taken advantage of on plea to the merits.
We should feel at liberty, therefore, notwithstanding what is said in the case of The Methodist Episcopal Church v. Wood, to adopt, upon this question, such rule as would best accord with general principles, and the analogies of the law. Now, what does the plea of non assumpsit admit? Nothing. It denies the whole cause of action, and right to recover. It neither admits the making of the contract, nor the capacity of either party to contract. It denies the contract, in toto. It puts the- plaintiff upon proof of a right to recover, and he must prove a full right. What the plaintiff is bound to prove, the defendant may disprove. He may show that no cause of action ever existed, by any proof tending to establish that fact. Corporations are creatures of the statute. They are artificial beings, having no natural powers, nor any existence independent of the charter creating them. So that one mode of maintaining the issue of non assumpsit, where the plaintiff claims to be a body corporate, is to show that no such artificial being ever existed ; for, a nonentity can not contract, nor be contracted with. So far, then, as reason and principle go, it would seem that the plea of non assumpsit does put in issue the capacity to sue, where the plaintiff claims to be a body corporate. And that, by no rule of logic can it be said that a plea, which is a denial in toto, admits, either in whole or in part, what'it expressly denies.
This doctrine, moreover, is well established by authority, as in the cases of The Dutchess Cotton Manufactory v. Davis, 14 Johns. 238 ; Portsmouth Livery Company v. Watson, 10 Mass. 92 ; Bank of Michigan v. Williams, 5 Wendell, *432 ; Hargrave v. The Bank of Illi- [151 nois, Breese, 84; Bank of Auburn v. Weed, 19 Johns. 300 ; Farmer’s and Mechanics’ Bank v. Rayner, 2 Hall, 195 ; Jackson v. Plumbe, 8 Johns. 295 ; where the earliest authorities are cited, viz: Hob. 21 ; 2 Ld. Raymond, 1535 ; 1 Kyd on Corporations, 292, 293 ; Peters v. Mills, Bull. N. P. 107.
*152 Upon the whole, we think the true rule is that settled in Massachusetts and New York, and recognized in other states, that in suits brought by corporations of our own state the court will take judicial notice of their capacity to sue, while those claiming to be foreign corporations must prove their corporate character under the general issue.
As an additional reason for this distinction, the courts of this state are not presumed to be acquainted with foreign charters. They have not iheans of information as to their nature and extent; and this remark is equally applicable to the people of the state. While, on the other hand, the corporators have full knowledge of, and the means to establish, their capacity and powers. The issue for them is affirmative, and when they would come into court the onus probandi should be theirs.
A third error assigned is, that the finding includes damages at six per cent., and seven dollars, the costs of protests.
The costs of protest were properly allowed if the proof was sufficient. The bills were duly protested. The notarial certificate was sufficient evidence of the protest, and the fact of protest was, to say the least, some evidence that legal costs were made in protesting for non acceptance, and for non payment, because these acts are never performed gratuitously. We have no doubt but that we should have refused a new trial, if a jury had allowed such charges on even so slight evidence as this. When substantial justice has been done by a verdict, a court should not disturb it, although found upon slight evidence And when, by consent of parties, a court, is substituted for a jury, and, in like manner, finds the facts of the case, a revisory court ought to treat their finding with equal' respect. The error, if there be any, is in a matter of fact and not of law.
*The same may be said of the objection, that the computation is too large, by two dollars ; that it should have been $3,355.50, instead of $3,357.50. Were this true, it would be a small matter. But the bill of exceptions does not very clearly show that the error exists. The presumption arising from the fact that the computation was made subject to the inspection of the counsel of both parties, is that the judgment was taken for the right sum, and the difference is too trifling to justify the four members of this court in going into a minute calculation, with a view to fix the amount to a fraction.
The last and remaining point is as to the right of the defendant to protest damages.
Upon this we are not embarrassed with difficulty. The form of *153 pleading is permitted by the statute, and is sufficient, by virtue of its provisions. The proof, to entitle the party to such damages in suits of this description, is the same as is required in those cases where the statutes have not dispensed with specific allegations in pleadings. The law makes the common count sufficient for the bank. Its policy would be defeated, were we to hold it sufficient for one purpose only. True it is, that the damages now given on protested-bills are those prescribed by the act of 1831; yet this act only limits to six per centum damages, which were allowed at a higher rate under the act of 1810, and which were recoverable in this form when the act of 1824 took effect.
Judgment affirmed.