## STERRY CLARKE v. FRANK THOMPSON.

The assignee of a debt may maintain an action in his own name against the debtor, where the debtor has promised to pay the assignee, and it makes no difference whether such debt be a written obligation or be due upon an express or implied promise by parol, as for goods sold or services performed, or whether the assignment is to the assignee for his own benefit or for the benefit of creditors.

Petition for a new trial. This was an action of assumpsit for the sum of $29,75, tried before Staples J., at the Court of Common Pleas, at the December term, 1851. The declaration contained counts as follows, viz. :

*First,* on an account for goods, wares, &c., according to accounts annexed, which the defendant contracted with one Stillman Clarke, promising to pay him said sum on request, and alleging that afterwards said Stillman by assignment duly conveyed said claims to Sterry Clarke, for valuable consideration, in trust, and that after said assignment the defendant, having knowledge thereof, in said indebtment to Stillman Clarke, promised the assignee to pay him the same sum on demand.

*Second count.* That the defendant being indebted to one Stillman Clarke in one other sum of $29,75 cents according to the account annexed, promised said Stillman then in full life, to pay him said sum on demand, and thereafter the said Stillman assigned said claim or demand to Sterry Clarke for a valuable consideration, of

all which the defendant had notice, and, thereafter, in consideration of said indebtment and all said premises, promised said plaintiff to pay him the same sum on demand.

*Third count.* That the defendant being indebted in 1848 to one Stillman Clarke in one other sum of $29,75 by book account &c., promised to pay him said sum on demand, and, thereafterwards, said Stillman, now deceased but then in full life, by his deed or instrument in writing under his hand and duly executed, assigned said account and claim to plaintiff, of all which said defendant had notice, and, thereafter, to wit, on the 21st day of August, 1850, at said Providence, in consideration of said indebtment as aforesaid, and of said assignment thereof to plaintiff, and in further consideration of plaintiff's forbearance therefor, in demanding payment thereof, assumed on himself and to the plaintiff promised to pay him said sum of $29,75 cents on demand.

And the declaration contained counts for money had and received to the use of the plaintiff in his said capacity, paid, laid out and expended, lent and advanced, and *insimul computtassent.*

Plea—General issue.

At the trial the plaintiff offered to prove the original indebtment of the defendant to Stillman Clarke, the assignment of the claim in question by said Stillman to the plaintiff ; a notice of said assignment to the defendant, and a promise on the part of the defendant, after such notice, to pay the debt or the sum sued for to plaintiff as assignee ; and further offered to prove the making of promises by defendant to the plaintiff to pay said debt, both before the death of Stillman Clarke and since.

This proof was ruled out by the Court, and the plaintiff having submitted to judgment, moved for a new trial upon exceptions to the ruling of the Court.

*Manchester* for the plaintiff, to show that the assignee of a debt might maintain an action in his own name against the debtor, where the debtor having notice of the assignment promised him to pay him the debt, cited *Mowry* v. *Todd*, (12 Mass. 281), *Carrier* v. *Hodgson*, (3 N. H. 82), *Barger et ux* v. *Collins*, (7 Harris & Johns. 213), *Ensign* v. *Kellogg*, (4 Pick.)

*Jenckes* for the defendant contended that the debt being a chose in action, the assignee could not maintain a suit thereon in his own name. That this case was distinguishable from the cases cited in the fact that there was no consideration to support the new promise, and that the debt itself was an unliquidated demand by book account, and the assignment a voluntary assignment in which the assignee had no interest.

GREENE C. J. delivered the opinion of the Court.

The law for many purposes recognizes the equitable interest of the assignee of a chose in action, not assignable at law. Thus it authorizes the assignee to sue in the name of the assignor, and to control the suit, exclusive of any interference by the assignor, and to receive payment of and discharge the judgment, which may be recovered in such suit. So the assignee is the proper party to receive payment of the debt, and to give a valid discharge therefrom to the debtor. And we think, where there is a debt and the debt has been assigned and the debtor promises the assignee as such, to pay the debt, that the assignee may maintain an action in his own

name, upon such express promises. The equitable interest of the assignee is a sufficient consideration for the express promise to pay. And we do not think it makes any difference, whether the chose in action assigned, be a written obligation or a debt due on an express or implied promise by parol, as for goods sold or services performed, or other meritorious cause of action. And we think an assignee to whom the debt has been assigned by the creditor for the benefit of his creditors is as well entitled in his own name to maintain a suit upon an express promise of the debtor to pay him, as the assignee to whom the debt has been assigned for a valuable consideration for the benefit of the assignee.

The case of *Carrier* v. *Hodgson*, (3 New Hamp. 82) was the case of a written obligation to deliver neat stock. The obligation was assigned to the plaintiff, and the defendant promised to deliver the stock to him. And the Court held, he might maintain an action in his own name on such express promise.

*Barger et ux* v. *Collins*, (7 Harris & Johns. 213) was the case of a partnership account due the firm. One of the partners assigned his interest in the debt to the other partner, and the amount of the debt was afterwards liquidated between such other partner and the debtor. The Court held, that an express promise by the debtor to pay the plaintiff to whom his co-partner's interest in the debt had been assigned, would authorise the plaintiff to sue in his own name on such express promise. In that case the Court also held that the acts of the parties were proper evidence of such new promise. See also *Crocker* v. *Whitney*, (10 Mass. 316), *Mowry* v. *Todd*, (12 Mass 281), *Doty* v. *Wilson*, (14 Johns. 378,) *Hawes*

v. *Saunders*, (Cowper 290), *Fenner* v. *Meares*, (2 W. Black. 1269.)

Mr. Justice Story states it as a general rule that a chose in action cannot be assigned unless the debtor assent to the transfer; " but," he continues, " if he does assent, then the right of the assignee is complete at law, so that he may maintain a direct action against the debtor upon the implied promise to pay him the same, which results from such assent." (2 Story's Eq. Jur. §1039). And this rule was recognized by the Supreme Court of the United States in *Tiernan* v. *Jackson*, (5 Peters 597, 598). See also *Israel* v. *Douglas*, (1 H. Black. 239), *Williams* v. *Everett*, (14 East. 582.)

We think, therefore, that the Court of Common Pleas erred in rejecting the offers of the plaintiff to prove the matters and things stated in the exceptions.

New Trial granted.