INGRAHAM *vs.* GILBERT.

20b    151
76 AD⁴182

Section 272 of the code does not require a referee formally to report on all the issues formed by the pleadings. If there are issues upon which no evidence is given, he need not notice them in his report; *it seems.*

An objection to the report, on that ground, is not available on appeal from the judgment entered upon the report. If a party is dissatisfied with the report of a referee, his remedy is by special motion to set aside or correct the same.

If a person, without compulsion of law, or legal obligation, pays the debt of another, without a previous request, the debtor is not liable for the amount.

A pecuniary benefit, voluntarily conferred by the plaintiff and adopted by the defendant, is not such a consideration as will support an action of assumpsit, on a subsequent implied promise.

THIS action was brought to recover money paid by the plaintiff on a debt due from the defendant to one Baker. The complaint alleged that the defendant was indebted to one Baker in the sum of $195; that the defendant requested the plaintiff to adjust the same, and for that purpose the plaintiff sold to said Baker one yoke of oxen at $60, and paid him $134.85 in money. That since said payment the plaintiff had repeatedly requested the defendant to repay him the same, but the defendant had wholly neglected and refused so to do; whereby, &c.

The answer denied the complaint, and denied that Gilbert made any request to the plaintiff, either to deliver the cattle or to pay his debt.

The cause was referred, and after hearing, the referee reported in favor of the plaintiff, upon which report judgment was entered. In his finding of facts, the referee made no allusion to a request by the defendant, but reported that "in 1844 the defendant was indebted to Baker in the sum of $194.85; that the plaintiff paid and satisfied such debt; that afterward the defendant sanctioned and adopted such payment, and promised to repay the same to the plaintiff."

*C. S. Grinnell,* for the plaintiff.

*Wm. Wait,* for the defendant.

*By the Court,* JAMES, J.   The defendant's first ground of error is, that the referee neglected to report upon all the issues made by the pleadings.   The code, § 272, requires the referee to state the facts found, and his conclusions of law thereon, separately.   This is in the nature of a special verdict, and enables the court, on appeal, to declare readily, whether or not the referee erred in the application of the law to the facts.   In this action the plaintiff averred that he paid the debt to Baker at the defendant's request, and as the averment was specially denied by the answer, the defendant insists it became a material issue upon which the referee should have directly reported. But I do not understand that section 272 requires the referee formally to report on all the issues formed by the pleadings. If there are issues upon which no evidence is given, he need not notice them in his report.   However that may be, the objection is not available on this motion.   If dissatisfied with the report, the defendant's remedy was by special motion to set aside or correct.   The allegation of request was only important as a rule of pleading.   In declaring upon an indebtedness for past service, it is necessary that the service be averred to have been performed upon request; otherwise, from all that would appear upon the record, it may have been a voluntary courtesy. (*Comstock* v. *Smith,* 7 *John.* 87.   6 *Wend.* 647.)   And such averment, like other issues, may be sustained by evidence from which a request might be implied.   On the trial the plaintiff did not seek to prove any previous express request, and aside from the beneficial nature of the transaction, there was nothing from which a request could be implied.   From these facts, and from the further fact that this issue was urged upon the referee at the hearing, and his omission to find a previous request, this case must be considered as if none such was made, and that the payment was a voluntary act.   If one person, without compulsion of law, or legal obligation, pay the debt of another, without a previous request, the debtor is not liable for the amount thus paid.   (*Bartholomew* v. *Jackson,* 20 *John.* 28.   *Dunbar* v. *Williams,* 10 *id.* 259.)

But the plaintiff insists that the defendant has made himself

Ingraham *v.* Gilbert.

liable by his subsequent sanction and adoption of the payment and promise to repay, as found by the referee. This presents two questions: 1st. Was the finding of the referee warranted by the evidence? and 2d. Was there a legal consideration to uphold and support such promise?

In the case itself, there is no proof to sustain the finding of the referee. All the evidence upon this branch of the case was from Levi and Daniel C. Ingraham and D. W. Johnson. The first named witness testified that in June, 1849, in a conversation with the defendant about his ability to construct a fence, he said he owed the plaintiff near $300 on the Barker matter. The third witness was present and heard the same conversation. The second witness testified that the defendant, in 1848, in enumerating his debts to him, mentioned one due to the plaintiff for money paid to Baker; that the defendant once proposed to this witness that the plaintiff and another person should buy a store of him, and that it would nearly pay the Baker debt. The plaintiff was not present at either conversation. The most that could be made from this evidence was an implied adoption of the payment and promise to pay. (*Sands* v. *Gelston*, 15 *John.* 511.)

To avoid the question of consideration, the plaintiff insists that an implied promise is equivalent to a previous request. There is no case which quite sustains that position, although *Doty* v. *Wilson*, (14 *John.* 378,) comes very near to it. There the plaintiff, a sheriff, having arrested the defendant on a *ca. sa.*, suffered him to escape, and was compelled to pay the judgment; the defendant afterwards promised to pay the amount; and it was held the sheriff could recover on the promise. Thompson, chief justice, said: "When a man pays a sum of money for me without my request, and I *afterwards agree to the payment*, this is equivalent to a previous request to do so. The benefit to the defendant, connected with his *express promise* to pay, must be deemed equivalent to a previous request. It was an adoption of the payment as made for the benefit of the defendant, and a subsequent ratification was equivalent to an original command." The reasons why a debtor is not liable to

repay to another a debt which that other has voluntarily paid, entirely fail, when such debtor afterward agrees to the payment and promises to remunerate him for what he has done. It would seem like the subsequent ratification of the act of a voluntary agent, done without authority. If the promise in this case had been an express promise, and the finding of the referee " that the defendant had sanctioned and adopted the act," justified by the evidence, it would come within the reason and spirit of the decision in *Doty* v. *Wilson.* But as I have already shown, the proof falls far short of sustaining the report, or of showing an express promise. The plaintiff's right to recover, therefore, rests upon the defendant's implied promise to repay.

Was there any consideration to support such promise ? The language of the note to 3*d Bos. & Pul.* 249, was adopted in this state as early as 1816, in *Smith* v. *Ware*, (13 *John.* 257,) which holds " that an express promise can only revive a precedent good consideration which might have been enforced at law, through the medium of an implied promise, had it not been suspended by some positive rule of law, but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statutory provision." In this state " a moral obligation to pay money, or perform a duty, is a good consideration for a promise to do so, where there was originally an obligation to pay the money, or do the duty, enforceable at law but for the interference of some rule of law. Thus a promise to pay a debt contracted during infancy, or barred by the statute of limitations, or bankruptcy, is good without other consideration than the legal obligation. But the morality of the promise, however certain, or the duty however urgent, does not of itself suffice for a consideration." (1 *Parsons' Contracts*, 360. *Ehle* v. *Judson*, 24 *Wend.* 97. *Geer* v. *Archer*, 2 *Barb. S. C. Rep.* 420. *Chilcott* v. *Trimble*, 13 *id.* 508.) The English cases are still more explicit. The rule in *Eastwood* v. *Kenyon*, (11 *Ad. & Ellis*, 438,) is decisive of this case. It is there held that " a pecuniary benefit voluntarily conferred by

the plaintiff and adopted by the defendant, is not such a consideration as will support an action of assumpsit on a subsequent express promise." The plaintiff's act was of that character, and hence there was no consideration to support the promise upon which he relies. Unless, therefore, the plaintiff can prove an express or an implied request to pay the debt, he seems to be remediless. "The law as it now stands, amounts to little more than permission to a party to waive certain positive rules of law, which would protect him from a plaintiff claiming a just debt."

Judgment reversed and new trial ordered; costs to abide the event.

[ESSEX GENERAL TERM, July 2, 1855. *Hand, Cady, C. L. Allen* and *James,* Justices.]