### PARSONS *v.* ROBINSON.

*(Superior Court of New York City, General Term. July 2, 1891.)*

1. CONTRACTS—CONSIDERATION—SUFFICIENCY.
    Plaintiff gave defendant certain reliable information as to facts on which the future price of stocks would depend, under an agreement between them that defendant should advance the money and buy stocks, and share the profit with plaintiff, whenever he should furnish such information. *Held,* that such information was a sufficient consideration for defendant's promise.

2. SAME—PAST CONSIDERATION.
    After furnishing such information, and after purchase made, plaintiff asked, "What will my interest be,—200 shares, as before?" to which defendant replied, "All right." *Held,* that defendant could not object that such promise was made on a past consideration, he having assented thereto, and received the benefit thereof.

Appeal from jury term.

Action by Clarence A. Parsons against Charles Robinson. From a judgment for plaintiff, defendant appeals.

Argued before DUGRO and GILDERSLEEVE, JJ.

*Vanderpoel, Cuming & Goodman,* for appellant.   *Boardman & Boardman,* for respondent.

GILDERSLEEVE, J. Prior to the 5th day of October, 1886, the plaintiff and defendant had entered into a sort of an agreement for the purchase of stocks, bonds, etc., according to the terms of which the plaintiff was to keep watch of the market, and when he heard of a good investment he was to notify the defendant, who would advance the money with which to make the invest-

ment, and then, if it was successful, plaintiff was to share in the gains. A number of such investments were made, and on each occasion plaintiff received his share of the profits. On October 5, 1886, the plaintiff advised the defendant to buy 500 shares of the reorganized. trust receipts of the Texas Pacific Railroad Company, stating his reasons for such advice. The defendant agreed, and plaintiff ordered the purchase. He then returned, and informed the defendant of the purchase, and at the time asked him, "What will my interest be,—two hundred shares, as before?" to which the defendant replied, "All right." The stock was subsequently sold at a considerable profit, but defendant refused to give plaintiff his share; whereupon the plaintiff brought this action, and recovered a judgment of $1,438.63. The defendant's contention is that there was no consideration for the agreement to give plaintiff the 200 shares, and that the agreement, if made at all, was made after the purchase of the stock. But reliable information as to facts upon which the future price of stock will depend is a sufficient consideration to uphold an agreement or contract in relation to such stock. See *White* v. *Drew*, 56 How. Pr. 53. The plaintiff had what turned out to be reliable information, which he imparted to the defendant, who acted upon such information, with profitable results to himself. This forms a sufficient consideration. See *White* v. *Drew, supra;* 3 Pars. Cont. 359. As to the promise to give the plaintiff the 200 shares being made after the purchase of the stock, we see no value in the defendant's contention; for a past consideration, beneficial to the defendant, to which he afterwards assents, is sufficient to support an action. See *Doty* v. *Wilson*, 14 Johns. 378. The evidence, although conflicting, was sufficient to warrant the submission of the question to the jury, who found in favor of the plaintiff. To the charge no exception was taken, and we find no exception to the admission or exclusion of testimony that raises a question of sufficient importance to require discussion here. The judgment and order appealed from are affirmed, with costs.