By the Court.—Gildersleeve, J.
Prior to the 5th day of October, 1886, the plaintiff and defendant had entered into a sort of an agreement for the purchase of stocks, bonds, etc., according to the terms of which the plaintiff was to keep watch of the market, and when he heard of a good investment, he was to notify the defendant, who would advance the money with which to make the investment; and then, if it was successful, plaintiff was to share in the gains. A number of such investments were made, and on each occasion plaintiff received his share of the profits.
On October 5, 1886, the plaintiff advised the defendant to buy five hundred shares of the re-organized trust receipts of the Texas Pacific Railroad Company, stating his reasons for such advice. The defendant agreed, and plaintiff ordered the purchase. He then returned and informed the defendant of the purchase, and at the same time asked him, “What will my interest be ? Two hundred shares, as before ? ” To which the'defendant replied, “ All right.” The stock was subsequently sold at a considerable profit, but defendant refused to give *548 plaintiff his share; whereupon the plaintiff brought this action, and recovered a judgment of fourteen hundred and thirty-eight dollars and sixty-three cents.
The defendant’s contention is that there was no consideration for the agreement to give plaintiff the two hundred shares, and that the agreement, if made at all, was made after the purchase of the stock.
But reliable information as to facts, upon which the future price of a stock will depend, is a sufficient consideration to uphold an agreement or contract in relation to such stock. See White v. Drew, 56 How. 53. The plaintiff had what turned out to be reliable information, which he imparted to the defendant, who acted upon such information, with profitable results to himself. This forms a sufficient consideration. See White v. Drew, supra ; 3 Parsons on Contracts, 359.
As to the promise to give the plaintiff the two hundred shares being made after the purchase of the stock, we see no value in the defendant’s contention; for a past consideration, beneficial to the defendant, to which he afterwards assents,, is sufficient to support an action. See Doty v. Wilson, 14 Johns. 378.
The evidence, although conflicting, was sufficient to warrant the submission of the question to. the jury, who found in favor of the plaintiff.
To the charge no exception was taken, and we find no exception to the admission or exclusion of testimony that raises a question of sufficient importance to require discussion here.
The judgment and order appealed from are affirmed, with costs.
Dugro, J.. concurred.