## Harriet C. North v. Thomas E. North.

1. CONSIDERATION—*Money Paid by a Husband for His Wife.*—Where a husband pays money on a contract of his wife for her benefit, but without her request, such payment will form a sufficient consideration to support a subsequent promise on her part to repay the same.

2. MONEY PAID FOR THE USE OF ANOTHER—*When the Action can be Maintained.*—In order to maintain an action for money paid for the use of another, it must appear that it was paid at such other's request, expressed or implied, or that after such payment there was an express promise to pay it back. If there is a request, expressed or implied, from that the law implies the requisite promise; and if there is a subsequent express promise to repay it, from that the law implies the requisite previous request.

Assumpsit, on a promissory note and for money paid, etc. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

F. M. YOUNGBLOOD and ISAAC CLEMENTS, attorneys for appellant.

HILL & MARTIN, attorneys for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee recovered a judgment against appellant, his wife, on a note for the sum of $1,200, from which this appeal was taken. The substantial facts are ·that' many years ago appellee placed the title to the homestead in his

wife's name. The buildings thereon were insured in her name, as was also the furniture therein. In the year 1892, the house and furniture were destroyed by fire and the sum of $2,412 of insurance was collected by appellant for the loss. In 1893, the appellant, who at times kept boarders and made considerable money, contracted in her own name for the erection of a new house, to cost $4,068; some extras ran the total cost up to over $4,200, including furnace, mantel, etc. On November 18, 1893, the house was completed and settlement had, showing a balance due to contractor of $1,218.53.

This settlement was made by the appellee with the contractor, at a lawyer's office, in the absence of appellant, after which, about eleven o'clock at night, they went to the house or home of appellant to close up the matter, which was done by appellee and appellant there jointly signing a note payable to the contractor for $718.53 and by appellant paying the contractor in cash $200, and giving him her check on the bank for $300. At the same time the appellee claims the note in suit, payable to him, was also signed, for $1,200. The pleas interposed the defenses of *non est factum*, fraud and circumvention, and failure of consideration.

The finding of the issues against appellant is claimed to be contrary to the evidence, and that certain instructions given to the jury were erroneous.

It would serve no useful end to here analyze the evidence. It has been carefully examined and the conclusion reached is that appellant signed the note. This is clear, but it is more difficult to determine whether she did so knowingly. There is no evidence that he resorted to any deception that would amount to fraud and circumvention. This was a question of fact that was fairly submitted to the jury, under instructions, of which, as to that issue, no complaint is made. The main point relied on by appellant is that there was no consideration for the note. He testified in effect that he paid for her benefit $2,708.12, and brought suit to recover that amount, but a recovery was obtained only on the note. He gives the items for which the money was paid. If the jury believed him, as they must have done by their

verdict, he paid out a large sum of money toward completing the house and for improvements, the title of which was in her, and the contract for the construction of which house was made with her in writing, individually, besides various sums for other purposes.    His evidence is not substantially contradicted as to the amount paid.  ·Whether it was paid by request or on a promise to repay was a question of fact for the court and jury.  If the jury was properly instructed, the evidence is such that we would not be disposed to disturb the finding.    Complaint is made of the instructions on this point.    The court instructed the jury " that primarily it is the duty of the husband to provide the homestead for the family, and the mere fact that the same is built upon the land that the husband has given to the wife will not entitle the husband to sue and recover from the wife the amount of money or material, if any, which he has contributed toward the building of the homestead, *unless it appears from the weight of the evidence that such money or material was so furnished at the request of the wife, with the understanding, or an agreement since, that the wife shall pay the husband for the same*."

This instruction, offered by appellant, was modified by the court by the addition of the words in italics, and so given. The point of the objection is that this, and other similar instructions, authorized a recovery on a subsequent promise to pay, though originally the husband paid the money without request.    Instructions must not be looked at so theoretically and abstractly as to exclude the matter of fact to which they were intended to be applied.    They were intended to be applied to the building of a dwelling house on the homestead, which had been contracted for, as conceded, by the wife in her own name, showing not only that she was legally bound to pay the contract price herself, but evincing clearly her intention to do so, without relying upon the marital obligations of the husband.    In this light this instruction, as well as numbers four and eight, likewise modified by the court, must be viewed.    Therefore if the husband paid money on such a contract for her benefit, though without her request, such payment would form a

sufficient consideration to support a subsequent promise on her part to repay.

" The rule may be stated to be that, in all instances, in order to maintain an action for money paid for the use of another, it must appear that it was paid at his request, express or implied; or that, after such payment, there was an express promise to pay it back. If there is a request, express or implied, from that the law implies the requisite promise, and if there was a subsequent express promise to repay it, from that the law implies the requisite previous request." Wait's Action and Defenses, Vol. 4, p. 453.

" If another comes in, without request or necessity, and pays the debt, the debtor is not obliged to substitute him in the place of the original creditor unless he chooses to do it. But he may do this if he so wishes; and if, after the debt is paid by this third party, the debtor choose to promise him repayment, he is held to such promise, and the consideration, although executed, is sufficient, for the law implies a previous request." 1 Parson on Contracts, p. 472; Doty v. Wilson, 14 Johns. 378.

If appellant knowingly executed the note sued on, it was of itself a promise to pay. The court and jury below evidently considered that she did knowingly make such promise by knowingly giving said note. While the evidence on this point is not entirely satisfactory, yet there is evidence to sustain the finding. The court and jury had the better opportunity to test the issue thus presented and arrive at a proper conclusion. The judgment is affirmed.