WILLIAM J. THOMSON and JAMES L. THOMSON, Appellants, *v.* WILLIAM THOMSON, Respondent.

*Contract — a promise to repay one who without obligation or request so to do has paid another's debt — not sustainable as a ratification by a principal of an agent's acts.*

Where a debt is paid by a person under no obligation to the creditor and who had not been requested to do so by the debtor, and thereafter the debtor promises to reimburse such person for the moneys expended in his behalf, the promise is not enforcible against the debtor.

In such a case, liability on the part of the debtor cannot be predicated upon the theory of a ratification by a principal of the acts of an agent, as such a ratification only operates to make the acts of the agent the acts of the principal, and does not create any liability upon the part of the principal to the agent.

APPEAL by the plaintiffs, William J. Thomson and another, from a judgment of the County Court of Delaware county in favor of the defendant, entered in the office of the clerk of the county of Delaware on the 24th day of June, 1901, reversing a judgment rendered by a justice of the peace in favor of the plaintiffs.

*Williams & Conlon*, for the appellants.

*F. W. Hartman*, for the respondent.

KELLOGG, J. :

The record shows that defendant was indebted to Campbell, Sprague & Co. in the sum of thirty-six dollars and seventy cents for materials purchased. The plaintiffs being under no obligation to Campbell, Sprague & Co. on account of this claim, nevertheless paid it without any previous request on the part of defendant. After the plaintiffs had paid the claim, they applied to defendant and he promised to pay them the sum so by them expended for his benefit. The circumstances are such that no implied request to pay the claim can be found other than such as can be based upon the subsequent express promise of defendant to repay the plaintiffs. On this express promise the action is brought, and the action is defended on the ground that the express promise is not supported by a sufficient consideration to make it enforcible at law. The question here presented was much discussed in the earlier cases, and the cases disclose a great difference of opinion in the minds of eminent jurists. Among the earliest is the case of *Wennall* v. *Adney* (3 B. & P. 249, 252, note) which announced the proper rule to be that an express promise " can only revive a precedent good consideration which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law; but can give no original right of action, if the obligation on which it is founded never could have been enforced at law though not barred by any legal maxim or statute provision." Under this rule express promises of infants after age, and that of bankrupts after discharge, of married women after coverture has ceased, have been held to be good when the original debt was of their own contracting.

Subsequently the court in the case of *Lee* v. *Muggeridge* (5 Taunt. 37) went farther, and the rule was laid down by MANSFIELD, Ch. J., and his associates in broad terms: "It has been long established that where a person is bound morally and conscientiously to pay a debt though not legally bound, a subsequent promise to pay will give a right of action." This rule seems to have prevailed in the English courts until the case of *Eastwood* v. *Kenyon* (11 Ad. & El. 438) in which Lord DENMAN, Ch. J., criticises the rule laid down in *Lee* v. *Muggeridge* and declares in substance that a beneficial service or pecuniary benefit conferred without request and adopted by a beneficiary is not such a consideration as will support an action on the subsequent express promise of the beneficiary to reimburse. So far as I have been able to discover this rule of law as laid down by Lord DENMAN has since prevailed in the English courts.

In *Mills* v. *Wyman* (3 Pick. 209) PARKER, Ch. J., says: "It is said a moral obligation is a sufficient consideration to support an express promise, and some authorities lay down the rule thus broadly; but upon examination of the cases, we are satisfied that the universality of the rule cannot be supported, and that there must have been some pre-existing obligation which has become inoperative by positive law to form a basis for an effective promise. The cases of debts barred by the Statute of Limitations, of debts incurred by infants, of debts of bankrupts, are generally put for illustration of the rule. Express promises founded on such pre-existing equitable obligations may be enforced." This is the rule as laid down in the Supreme Court of Massachusetts in 1825, and I do not find that it has since been departed from in the courts of that State.

Among the first cases in the courts of this State, where the question was necessarily decided, is *Hicks* v. *Burhans* (10 Johns. 243). The court in that case says: " The written promise to pay, if founded on a past consideration, may be good if the past service be laid to have been done on request; and if not so laid, a request may be implied from the beneficial nature of the consideration and the circumstances of the transaction. * * * Here the past service consisted in an expensive pursuit by the plaintiffs of certain fugitive debtors who were indebted to the defendant and others." In this

case the court held that a request to do the service might be implied, though the service had been already rendered.

The next case is that of *Doty* v. *Wilson* (14 Johns. 378). The plaintiff as sheriff held the defendant on a body execution, and allowed him to go at large. Judgment was had against the sheriff for the amount the defendant was held for, and, after payment, the defendant promised to reimburse the sheriff. This promise was held to be supported by a sufficient consideration. The court, by THOMPSON, Ch. J., says: " We may here refer to the cases as well collected in 1 *Saund*, 264, n. 1.* It is there laid down as the result of all of them, that where a party derives a benefit from the consideration, it is sufficient because equivalent to a previous request. As where a man pays a sum of money for me, without my request, and I afterwards agree to the payment, this is equivalent to a previous request to do so. * * * The benefit to the defendant connected with his express promise to pay must be deemed equivalent to a previous request. It was an adoption of the payment as made for the benefit of the defendant, and a subsequent ratification is equivalent to an original command." The case of *Bentley* v. *Morse* (14 Johns. 468) was one where the consideration for the express promise was solely a moral one. The case of *Nixon* v. *Jenkins* (1 Hilt. 318) is an action on an express promise supported only by a beneficial past consideration. The plaintiff, by mistake, paid defendant's taxes, and subsequently defendant promised to refund the amount to plaintiff. The court said : " The money paid was for the defendant Porter's benefit, to which he assented by promising to pay. He derived a benefit from it, and that was equivalent to a previous request." And in support of this rule of law the court cites *Doty* v. *Wilson* (*supra*).

If the cases above cited correctly express the rule of law as observed in the courts of this State, then the plaintiff in the case before us should hold the judgment of the Justice Court, and the County Court should be reversed. But it would seem that the rule as expressed in a long line of later cases fails to go so far. In *Chilcott* v. *Trimble* (13 Barb. 508) the court says: " These cases must be taken with some qualification ; " and approves the rule as ·

---

\* *Osborne* v. *Rogers*, 1 Saund. (3d Am. ed.) \* 264, n. 1.— [REP.

laid down in *Wennall* v. *Adney* (3 B. & P. 249, *supra*). This is again said in *Ehle* v. *Judson* (24 Wend. 98) by BRONSON, J., in referring to *Doty* v. *Wilson* : " This rule must be taken with some qualifications. The moral obligation to pay a debt barred by the Statute of Limitations, or an insolvent's discharge, or to pay a debt contracted during infancy or coverture, and the like, will be a good consideration for an express promise. But a merely moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough."

*Ingraham* v. *Gilbert* (20 Barb. 154) : " The rule in *Eastwood* v. *Kenyon* (11 Ad. & Ellis, 438) is decisive of this case. It is there held that 'a pecuniary benefit voluntarily conferred by the plaintiff and adopted by the defendant, is not such a consideration as will support an action of assumpsit on a subsequent express promise.''

In *Goulding* v. *Davidson* (26 N. Y. 604) the rule as laid down in *Ehle* v. *Judson* (*supra*) is stated with approval.

From all the cases, I am of the opinion that the broad rule declared in *Doty* v. *Wilson* is not the rule of law accepted by the courts of this State, but rather that the rule laid down in *Eastwood* v. *Kenyon* is the adopted rule, and that rule applied to the facts in the case before us prevents a recovery by the plaintiff.

The contention of the learned counsel for appellant, that a judgment in favor of plaintiff might be supported on the theory of a ratification by the principal of the acts of an agent, is not tenable for the reason that such ratification of an agent's acts only makes the agent's acts the acts of the principal, and does not create any liability to the agent himself.

The judgment of the County Court should be affirmed.

Judgment unanimously affirmed, with costs.