THOMSON et al. v. THOMSON.

(Supreme Court, Appellate Division, Third Department. November 12, 1902.)

1. MONEY PAID FOR THE BENEFIT OF A THIRD PARTY—PROMISE TO REPAY—CONSIDERATION.

Where plaintiffs, being under no obligation to pay defendant's debt to a third party, paid the same without defendant's previous request, plain-

¶ 1. See Contracts, vol. 11, Cent. Dig. §§ 357, 358, 359.

tiffs were not entitled to recover on defendant's subsequent express promise to reimburse them for the amount so paid; such promise being without consideration.

Appeal from Delaware county court.

Action by William J. Thomson and others against William Thomson to recover money paid to the use of defendant. From a judgment in the county court, reversing a justice's judgment in favor of plaintiffs, they appeal. Affirmed.

Argued before PARKER, P. J., and KELLOGG, SMITH, and CHASE, JJ.

Williams & Conlon, for appellant.

F. W. Hartman, for respondent.

KELLOGG, J. The record shows that defendant was indebted to Campbell, Sprague & Co. in the sum of $36.70 for materials purchased, and that plaintiffs, being under no obligation to Campbell, Sprague & Co. on account of this claim, nevertheless paid it without any previous request on the part of defendant. After the plaintiffs had paid the claim, they applied to defendant, and he promised to pay them the sum so by them expended for his benefit. The circumstances are such that no implied request to pay the claim can be found, other than such as can be based upon the subsequent express promise of defendant to repay the plaintiffs. On this express promise the action is brought, and the action is defended on the ground that the express promise is not supported by a sufficient consideration to make it enforceable at law. The question here presented was much discussed in the earlier cases, and the cases disclose a great difference of opinion in the minds of eminent jurists. Among the earliest is the case of Wennall v. Adney, 3 Bos. & P. 249, which announced the proper rule to be:

"That an express promise can only revive a precedent good consideration which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law; but can give no original cause of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statute provisions."

Under this rule express promises of infants after age, of bankrupts after discharge, and of married women after coverture has ceased, have been held to be good when the original debt was of their own contracting. Subsequently the court, in the case of Lee v. Muggeridge, 5 Taunt. 37, went further, and the rule was laid down by Mansfield, C. J., and his associates in broad terms:

"It has been long established that when a person is bound morally and conscientiously to pay a debt, though not legally bound, a subsequent promise to pay will give a right of action."

This rule seems to have prevailed in the English courts until the case of Eastwood v. Kenyon, 11 Adol. & E. 438, in which Lord Denman, C. J., criticises the rule laid down in Lee v. Muggeridge, and declares in substance that a beneficial service or pecuniary benefit, conferred without request and adopted by a beneficiary, is not such a consideration as will support an action on the subsequent ex-

press promise of the beneficiary to reimburse. So far as I have been able to discover this rule of law as laid down by Lord Denman has since prevailed in the English courts.

In Mills v. Wyman, 3 Pick. 209, Parker, C. J., says:

"It is said a moral obligation is a sufficient consideration to support an express promise, and some authorities lay down the rule thus broadly; but upon examination of the cases we are satisfied that the universality of the rule cannot be supported, and that there must have been some pre-existing obligation which has become inoperative by positive law to form a basis for an effective promise. The cases of debts barred by the statute of limitations, of debts incurred by infants, of debts of bankrupts, are generally put for illustration of the rule. Express promises founded on such pre-existing equitable obligations may be enforced."

This is the rule as laid down in the supreme court of Massachusetts in 1825, and I do not find that it has since been departed from in the courts of that state.

Among the first cases in the courts of this state, where the question was necessarily decided, is Hicks v. Burhans, 10 Johns. 243. The court in that case says:

"The written promise to pay, if founded on a past consideration, may be good, if the past service be laid to have been done on request; and, if not so laid, a request may be implied from the beneficial nature of the consideration and the circumstances of the transaction. Here the past service consisted in an expensive pursuit by the plaintiffs of certain fugitive debtors who were indebted to the defendant and others."

In this case the court held that a request to do the service might be implied, though the service had been already rendered.

The next case is that of Doty v. Wilson, 14 Johns. 378. The plaintiff, as sheriff, held the defendant on a body execution, and allowed him to go at large. Judgment was had against the sheriff for the amount the defendant was held for, and, after payment, the defendant promised to reimburse the sheriff. This promise was held to be supported by a sufficient consideration. The court, by Thompson, C. J., says:

"We may here refer to the cases as well collected in 1 Sand. 264, note 1. It is there laid down, as the result of all of them, that where a party derives a benefit from the consideration it is sufficient, because equivalent to a previous request; as when a man pays a sum of money for me, without my request, and I afterwards agree to the payment, this is equivalent to a previous request to do so. * * * The benefit to the defendant connected with his express promise to pay must be deemed equivalent to a previous request. It was an adoption of the payment as made for the benefit of the defendant, and a subsequent ratification is equivalent to an original command."

The case of Bentley v. Morse, 14 Johns. 468, was one where the consideration for the express promise was solely a moral one. The case of Nixon v. Jenkins, 1 Hilt. 318, is an action on an express promise supported only by a beneficial past consideration. The plaintiff by mistake paid defendant's taxes, and subsequently defendant promised to refund the amount to plaintiff. The court said:

"The money paid was for the defendant Porter's benefit, to which he assented by promising to pay. He derived a benefit from it, and that was equivalent to a previous request."

And in support of this rule of law the court cites Doty v. Wilson, supra.

If the cases above cited correctly express the rule of law as observed in the courts of this state, then the plaintiff in the case before us should hold the judgment of the justice court, and the county court should be reversed. But it would seem that the rule as expressed in a long line of later cases fails to go so far. In Chilcott v. Trimble, 13 Barb. 508, the court says these cases "must be taken with some qualification," and approves the rule as laid down in Wennall v. Adney, 3 Bos. & P. 249. This is again said in Ehle v. Judson, 24 Wend. 98, by Bronson, J., in referring to Doty v. Wilson:

"This rule must be taken with some qualification. The moral obligation to pay a debt barred by the statute of limitations or an insolvent's discharge, or to pay a debt contracted during infancy or coverture, and the like, will be a good consideration for an express promise. But a mere moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough."

Ingraham v. Gilbert, 20 Barb. 154:

"The rule in Eastwood v. Kenyon, 11 Adol. & E. 436, is decisive of this case. It is there held that 'a pecuniary benefit, voluntarily conferred by the plaintiff and adopted by the defendant, is not such a consideration as will support an action of assumpsit on a subsequent express promise.'"

In Goulding v. Davidson, 26 N. Y. 604, the rule as laid down in Ehle v. Judson, supra, is stated with approval.

From all the cases, I am of the opinion that the broad rule declared in Doty v. Wilson is not the rule of law accepted by the courts of this state, but rather that the rule laid down in Eastwood v. Kenyon is the adopted rule; and that rule, applied to the facts in the case before us, prevents a recovery by the plaintiff.

The contention of the learned counsel for appellant that a judgment in favor of plaintiff might be supported on the theory of a ratification by the principal of the acts of an agent is not tenable, for the reason that such ratification of an agent's acts only makes the agent's acts the acts of the principal, and does not create any liability to the agent himself.

The judgment of the county court should be affirmed.

Judgment affirmed, with costs. All concur.