## SMITH *against* WARE.

IN ERROR, to the court of common pleas of the county of *Washington.*

This was an action of *assumpsit*, brought, in the court below, by *Smith*, the plaintiff in error, against *Ware*, the defendant in error. The declaration consisted merely of the money counts, to which the defendant pleaded *non assumpsit.*

The plaintiff claimed compensation for a deficiency in the quantity of land of a certain farm sold by the defendant to the plaintiff. At the trial the plaintiff read in evidence a deed from the defendant to the plaintiff, dated the 29th of *April* 1807, by which the defendant, for the consideration of 419 dollars and 50 cents, granted to the plaintiff a certain lot of land, described as follows: " All that certain piece or parcel of land, situate, lying, and being in the county of *Washington*, and town of *Bolton*,

*Where land is sold, and described in the deed as supposed to contain a certain quantity, and a deficiency is, afterwards, discovered, there is no obligation on the grantor to compensate the grantee for such deficiency; and a promise to pay for the same is without consideration, and will not support an action of assumpsit.*

NEWYORK,
May, 1816.

SMITH
v.
WARE.

being the west part of lot No. 9., in a tract of land granted to Wheeler Douglass, by letters patent, the 18th of April, 1794, bounded, &c., supposed to contain ninety-three acres." The plaintiff then proved that a surveyor had been employed, and paid by the defendant, to survey the land which had been taken off from the west end of the lot sold by the defendant to the plaintiff, by the survey made of the state lands, by the direction of the surveyor general, for the purpose of ascertaining the quantity so taken off: both parties attended the survey, and, also, two chain bearers chosen by them ; the parties pointed out the lines which were run by the surveyor, and it was ascertained that the quantity taken off amounted to 22 acres, 2 roods, and 4 perches, and it was ascertained, at the same time, that the original boundaries would not include the quantity of 93 acres, but fell short 5 or 6 acres. The plaintiff offered to prove a recognition, by the defendant, of his liability, and a promise to pay for the deficiency ; but the evidence was objected to, and a nonsuit applied for ; and the court decided that the evidence was inadmissible, and that the plaintiff should be nonsuited, on the ground that there was no consideration for the promise of the defendant. The plaintiff refused to be nonsuited, and excepted to the opinion of the court ; and the cause being left to the jury, a verdict was found for the defendant.

A bill of exceptions was sealed, and the cause brought before this court by writ of error.

*3 Johns. Rep.
508.
† 10 Johns. Rep.
297.

Wendell, for the plaintiff, contended, that the moral obligation to return, the money was a sufficient consideration to support the promise ; and he relied on the cases of Howe v. Barker,* and Houghtaling v. Lewis,† as in point.

‡ 3 Johns. Rep.
508, 509. 10
Johns. Rep 297.
2 Caines' Rep.
417 1 Johns.
Rep. 414. 440.

Z. R. Shepherd, contra, contended, that if the defendant promised under an ignorance of the law and the fact, he ought not to be bound. If the court below have decided correctly, it is sufficient, whether the reasons assigned by them for their decision be sound or not. The covenant can raise no implied assumpsit, and where there is a covenant, assumpsit will not lie.‡ If the plaintiff can recover at all, it must be on the new promise ; and on that the plaintiff should have declared specially. There is no consideration for that promise.

*Wendell*, in reply, said, that the case of *Howe* v. *Barker* showed that the form of declaration, in this case, was sufficient for the plaintiff.

SPENCER, J., delivered the opinion of the court. It cannot be pretended that the defendant was under any moral obligation to pay for the deficiency in the quantity of land sold and conveyed to the plaintiff. There is no pretence of any fraud in relation to the sale, and the deed is very explicit in its terms. The land granted was truly described, and it is evident, from the deed, that the parties do not contract, in reference to any specific quantity of land; for the deed states, that the tract is supposed to contain 93 acres. There would be no mutuality between the parties, if we were to say, that the defendant was *morally* bound to make up any deficient quantity, because it is very certain that, had there been an overplus, the plaintiff could not have been compelled to pay for the excess. We have a right to infer, that the deed contains no covenant of warranty; the defendant, therefore, sold, and the plaintiff agreed to take the land, under a conveyance containing no stipulations, either as to quantity or title. Under these circumstances, a promise to pay for any of the land included in the surveyor-general's survey was without a consideration.

There is much nice learning in the books, upon the point of moral obligation, and as to what is, or is not, a sufficient consideration to uphold a promise. The result of all the cases on this head is, I think, admirably summed up in a note to 3 *Bos. & Pull.* 249. " An express promise, therefore, as it should seem, can only revive a precedent good consideration, which might have been enforced at law, through the medium of an implied promise, had it not been suspended by some positive rule of law; but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statute provision."

The judgment, in this case, must be affirmed.

Judgment affirmed.