By the Court. Vanderpoel, J.
The question is, whether there is a sufficient consideration to support the promise upon which the suit is brought? Our first impressions were rather favorable to the action; but a reference to the authorities and principles upon which the notion of a moral consideration to support a promise rests, has satisfied us that the promise relied upon cannot be sustained.
It is not pretended that, independently of the express promise of the appellant after she obtained her decree of divorce, this action could be sustained. If, when the debt was contracted, when the goods were delivered, any person was liable, it was the husband. We see nothing in the case to exempt him from liability. The appellant was then a feme covert, and clearly not liable. Her promise to pay was made after she was divorced, and if that promise is not supported by an adequate consideration, the action must fail.
In a note to Wennall v. Adney, (2 Bos. & Pul. 252,) the rule as to what precedent consideration will support an express promise, is laid down with a precision and accuracy that have commended it to repeated judicial approbation. It is there said, *314 that an express promise can only revive a precedent good consideration, which might have been enforced at law through the medium of an implied promise, had it not been suspended by some positive rule of law; but can give no original right of action, if the obligation on which it is founded never could have been enforced at law, though not barred by any legal maxim or statute provision. This rule was approved by Justice Spencer, in Smith v. Ward, (13 John. 257;) by Bronson, J., in Eyle v. Judson, (24 Wend. 97;) and by Lord Denman, in Eastwood v. Kenyon, (11 Adol. & Ellis, 438.) Tested by this rule, this promise must surely fail. The precedent consideration relied upon, never could have been enforced through the medium of an implied promise, because, 1st. The wife was incapable, at the origin of the consideration, of making a valid promise; and 2d. The goods, in contemplation of law, were sold on the credit of another, (the husband.) The original promise, whether express or implied, on the sale of the goods, when the defendant was under coverture, was altogether void. As Pattison, J., says in Meyer v. Howorth, (8 Adol. & Ellis, 467,) “ Such promise was not like that of an infant, voidable; but was void.” That case was somewhat similar to the present. It was an action for goods sold to the defendant, at her request, and delivered to another with whom, it turned out, that she lived in adultery, and for work and labor, money paid, and an account stated. The defendant pleaded coverture at the time of the promise. The plaintiff replied, that the defendant, at the time when the debt was contracted, was living separate from her husband, and in open adultery with another, to whom she ordered the goods delivered ; that the plaintiff did not, when he dealt with defendant, know that she was a married woman, or that she lived in adultery, and dealt with her as a feme sole ; and that, after the death of the husband, in consideration of the premises, she promised to pay the demand. Although the case turned chiefly on the -pleadings, (the replication being held to be a departure from the declaration,) yet the language of the judges shows, they were of opinion that the action on the new promise, could not be sustained, for the reason, as they say, that the first promise was altogether void, not voidable. The idea cannot be *315 tolerated, that a precedent consideration can support a subsequent express promise, when the law cannot only not raise any implied promise from such consideration, but where even an express promise, made when the consideration originated, would be void.
The counsel for the respondent depends upon the case of Lee v. Muggeridge, (5 Taunt. 36,) where a feme covert, having an estate settled to her separate use, gave a bond for repayment by her executors of money' advanced, at her request, to her son-in-law. After her husband’s decease, she wrote, promising that her executors should settle the bond. It was held, that assumpsit would lie against the executors on this promise of the testatrix. Though that case differs from the present, in the important particular, that the defendant there had an estate settled to her separate use, yet the case has not been regarded as very good authority, at least in respect to some expressions that dropped from the judges in delivering judgment.
In Eastwood v. Kenyon, (11 Adol. & Ellis, 438,) Lord Den-man, in an able opinion, in which he approves of the note to Wennall v. Adney, (3 Bos. & Pul. 294,) says, that the case of Lee v. Muggeridge, must be allowed to be decidedly at variance with the doctrine in this note, which, as before remarked, has been held to be law, in 13 John. 257, and 24 Wend. 97. Lord Denman also speaks of the case of Littlefield v. Shee, (2 Barn. & Adol. 811,) in which Lord Tenterden remarked, that the doctrine that a moral obligation is a sufficient consideration for a subsequent promise, is one which should be received with some limitation. Lord Denham regards this sentence as amounting to a dissent from the authority of Lee v. Muggeridge, where the doctrine is wholly unqualified. He seems to think it remarkable too, that neither in Lee v. Muggeridge, nor in Cooper v. Martin, (4 East, 76.) was there any allusion made to the learned note in 3d Bosanquet & Puller, above referred to. (See also, Geer v. Archer, 2 Barb. Sup. C. R. 420; Kennedy v. Male, 8 Missouri Rep. 698. 8 Alabama Rep. 399.)
On the whole, we are of opinion, that the precedent consideration in this case, cannot support the subsequent promise; and we hold with Lord Tenterden, in Littlefield v. Shee, that the *316 doctrine that a moral obligation is a sufficient consideration for a subsequent promise, is one which should be received with some limitation.
The judgment below must be reversed.