STERNBERGH and others *vs.* PROVOOST.

| 13b | 365 |
|-----|-----|
| 67 AD | 566 |

A note given to a deputy sheriff, by a judgment debtor, for the amount of an execution held by the former against the latter, after the sheriff has been attached for not returning the *fi. fa.*, and after the deputy has paid the amount thereof to the plaintiffs in the judgment and taken an assignment of the judgment, is not void as having been taken by the deputy by color of his office and for ease and favor.

Neither is such a note void for want of a sufficient legal consideration to uphold it. There is a moral obligation, connected with the prior legal liability of the defendant, to pay the amount of the execution, to the sheriff, and the suspension of that liability by means of the payment and satisfaction of the judgment.

Nor is such note liable to the objection that the money having been paid by the deputy sheriff to the plaintiffs in the execution without the defendants', request, the subsequent promise based upon such payment was a *nudum pactum.*

If necessary, to uphold such a promise, the law would imply a request on the part of the judgment debtor, to the deputy sheriff, to pay the money to the plaintiffs in the execution.

If the party to whom a promise is made, paid the money or incurred the obligation, which was the consideration of a subsequent express promise, by compulsion of law, he will not be treated as a volunteer.

THIS was an action of assumpsit, tried before the Hon. N. Dayton, circuit judge, at the Erie county circuit, on the 19th day of June, 1846. The plaintiffs proved the signature of the

defendant to, and the indorsement by John W. Stewart, of the following note, and read the same in evidence, viz. :

"$592,$\frac{79}{100}$.   Sixty-three days after date, I promise to pay to the order of J. W. Stewart, at the Mechanics' Bank of Buffalo, five hundred ninety-two $\frac{97}{100}$ dollars, for value received.   Buffalo, October 17, 1839.            (Signed) JAMES P. PROVOOST."

(Indorsed) " J. W. Stewart."

That the amount appearing to be due upon the said note at the time of the trial, for principal and interest, was eight hundred and sixty-two dollars and eighty-nine cents.   The plaintiffs then rested.   The defendant then proved that Thaddeus Bigelow, Chauncey Pierce and Stephen Wicks, recovered in this court a judgment against Horatio Stevens and James P. Provoost, the defendant in this suit, in assumpsit, for $590,29, and which judgment was duly docketed on the 16th day of October, 1838. A *fi. fa.* was issued upon the judgment and delivered to the sheriff of Erie county.   It was placed in the hands of John W. Stewart, one of the deputies of said sheriff, to be executed in due form of law.   That the sheriff was attached for not returning said *fi. fa.*, and in consequence of said attachment, Stewart, on the 23d day of July, 1839, paid the amount of said judgment to the plaintiffs therein and took from them an assignment of the judgment.   That said *fi. fa.* remained in the hands of the said deputy sheriff until the 26th day of May, 1843, when the same was returned to and filed in the office of the clerk of this court at Geneva.   That on the 17th day of October, 1839, Stewart called upon the defendant in this suit and took from him the note upon which this suit was brought, and gave him the following receipt, viz.

" Received, Buffalo, 17th of October, 1839, of James P. Provoost, his note at the Mechanics' Bank of Buffalo, for five hundred ninety-two $\frac{97}{100}$ dollars, if paid by him, is to be applied on an execution in favor of Thomas Bigelow and others against Horatio Stevens and James P. Provoost, said note payable sixty-three days after date.                  J. W. STEWART."

That Stewart, holding said note, did, in the summer of 1843, cause a *fi. fa.* upon said judgment to be issued to the sheriff of

Erie county. That said defendant, Provoost, moved the supreme court to set aside the last mentioned *fi. fa.* and for a perpetual stay, and said motion was granted. That the opinion of the court upon the granting said motion, was reported in 5 *Hill*, 566. That upon the said *fi. fa.* issued on the 22d day of October, 1838, the sheriff made $64,81. That said note was transferred by Stewart, after due, to the plaintiffs, for money theretofore paid by them for him. That before said deputy sheriff, Stewart, paid the said judgment to Bigelow, Pierce and Wicks, there was no understanding whatever between him and the defendant Provoost, that the said deputy sheriff should pay said judgment. That the defendant, Provoost, never requested Stewart to pay said judgment or execution, and never intimated that he desired or would like to have him pay said judgment or execution. The defendant then rested.

The plaintiffs then proved that the sheriff's fees, the costs on the attachment, and the amount of the judgment and interest, were computed at the time the note was taken, and added together, and the $64,81 made on the *fi. fa.* was deducted therefrom, and the note taken for this balance, and nothing else. The plaintiffs then rested.

The counsel for the defendant moved the court for a nonsuit, upon the following grounds: I. That the note was taken for ease and favor, and was void. That it was taken against the policy of the law, and could not be enforced. II. That the note was without a legal consideration. (1.) The payment of the money by the deputy sheriff, Stewart, created no *legal obligation.* (2.) The payment of the money created no *perfect moral obligation.* (3.) A mere moral obligation will not furnish a legal consideration for a contract, unless there has been an antecedent legal or equitable liability which cannot now be enforced. (4.) *Moral obligation* is not used in an ethical sense. It means no more than a legal liability suspended or barred in some technical way short of a substantial satisfaction. No legal liability from the defendant to Stewart ever existed. (5.) The money was paid by the deputy sheriff, Stewart, to the plaintiffs in the judgment, without the defendant's request; and a subse-

. quent promise based upon such a consideration would be a *nudum pactum*. III. That the note was given without the knowledge that the deputy sheriff had paid the judgment, and was therefore void. IV. That the note was a mere collateral, and that to which it was a collateral, failing, the collateral goes with it. The court refused to nonsuit the plaintiffs, and the defendant by his counsel excepted. The counsel for the defendant then requested the judge to charge the jury, that for some or all the reasons aforesaid, the plaintiffs were not entitled to recover; but the judge refused so to do, and directed a verdict for the plaintiffs for the face of the note and interest; and the defendant by his counsel excepted to the ruling and direction of the judge. The jury, under the direction of the judge, found a verdict for the plaintiffs for $862,89; and the defendant, upon a case, moved for a new trial.

*J. G. Masten*, for the defendant.

*D. Tillinghast*, for the plaintiffs.

*By the Court*, WELLES, J. The first objection on the part of the defendant is, that the note in question was taken by Stewart, the deputy sheriff, by color of his office, and for ease and favor, and is void under the statute. (2 *R. S.* 286, § 59; *3d ed. p.* 384.)

The note was given after the sheriff had been attached, and after Stewart had paid the amount of the execution to the plaintiffs therein. In my opinion, therefore, the case is not within the statute referred to. (*Doty* v. *Wilson*, 14 *John.* 378. *Given* v. *Driggs*, 1 *C. R.* 450. *Baker* v. *Martin*, 3 *Barb. S. C. R.* 634.)

It is also objected that there was no sufficient legal consideration to uphold the note. It is a general rule that a moral obligation constitutes a valid consideration to support an express promise. The application of this rule, however, is limited by the authorities to cases where the moral obligation is connected with a prior legal or equitable liability, which is suspended or

Sternbergh *v.* Provoost.

barred by some legal maxim or statutory provision. ( *Wennall*
v. *Adney,* 3 *Bos. & Pull.* 249, *note. Smith* v. *Ware,* 13 *John.*
257. *Ehle* v. *Judson,* 24 *Wend.* 97. *Geer* v. *Archer,* 2 *Barb.*
*S. C. R.* 420.)

Where the obligation rests merely in conscience, in an ethical
sense, and is not founded upon a liability, which might at some
time have been enforced in a court of law or equity, or by some
proceeding authorized by law, it is not of a character to be a
sufficient consideration for a promise. It is claimed by the de-
fendant, that the consideration of the note in question was, at
best, of the last mentioned description. I am inclined, how-
ever, to think the consideration was sufficient, so far as this
particular point is concerned. Here had been a legal liability
on the part of the defendant to pay the execution to the sheriff.
It was the duty of the defendant to pay it to him. The law
had given the sheriff the power to compel payment. He had
neglected to exercise that power until he became liable for the
debt, and Stewart, the deputy, whose neglect produced the lia-
bility of the sheriff to the plaintiffs in the execution, paid them
the amount of the judgment. By this process the judgment
became virtually satisfied, and could never thereafter be enforced
against the defendant. There was then a suspension of a legal
liability on the part of the defendant, which had once been per-
fect. If the sheriff had held the execution in his own hands,
instead of giving it to Stewart to be executed, until he became
liable by reason of his laches, and had paid the money himself to
the plaintiffs therein, I think there is authority for holding that
a promise made afterwards by the defendant to the sheriff to
pay the amount of the execution, would have been valid and
binding. ( *Given* v. *Driggs,* 1 *Caines' Rep.* 460. *Doty* v.
*Wilson,* 14 *John.* 381. *Baker* v. *Martin,* 3 *Barb. S. C. Rep.*
641, *before cited.*) I cannot perceive that the fact that the
promise was made to the deputy varies the principle. It was
the duty of the deputy to pay the money, as it was *his* neglect
that produced the liability of the sheriff. The sheriff had no
further concern with the matter after the plaintiffs in the exe-
cution were paid; and a promise to him might well be liable to

the objection of want of consideration. If the defendant should pay to any one, it should be to Stewart, who had been compelled to pay the judgment, and he thereupon promises to pay to him. But it is said that the money was paid by Stewart to the plaintiffs in the execution without the defendant's request, and the subsequent promise based upon such payment was a *nude pact.*. It is a maxim of law that if the consideration is wholly past and executed, it will not support a subsequent promise, unless the consideration was executed, either at the express or implied request of the party promising. This, like most other rules, has its exceptions and qualifications. The reason of the rule is that a man should not be permitted to do another a kindness and then charge him with a recompense; as it would be obliging him whether he would or not, and bringing him under an obligation without his concurrence. But if the service rendered or money paid was at the request of the party promising, the promisee is not a volunteer, and the reason of the rule does not apply. So too, as in the case at bar, if the party to whom the promise is made, paid the money, or incurred the obligation, by compulsion of law, which is the consideration of the subsequent express promise, he should not be treated as a volunteer. I think also that if necessary to uphold the promise in this case, the law will imply a request on the part of the defendant, to Stewart, to pay the money to the plaintiffs in the execution. The proof on the subject of a request, merely negatives an express request. The law never implies a request, where an express one is proved. That would be supererogation, and an absurdity.

It is only upon this ground, or that of a compulsory payment, that the cases holding that a promise by a defendant in a *ca. sa.* to indemnify the sheriff for a previous voluntary escape is valid, can be sustained. The attachment against the sheriff in the case at bar, did not operate to discharge the judgment: until Stewart paid the money, the liability of the defendant on the judgment continued. A recovery of judgment by the plaintiffs in the execution against the sheriff for not collecting or not returning the execution, would not before pay-

ment, have had the effect to extinguish the judgment against the defendant. (*Baker* v. *Martin, supra.*)

It is also contended that the note was given without the knowledge that the deputy sheriff, Stewart, had paid the judgment, and that by the authority of the case of *Mills* v. *Young,* (23 *Wend.* 315,) the note is void. It is a sufficient answer to this position that the bill of exceptions is entirely silent on the question of the defendant's knowledge. Stewart paid the judgment on the 23d day of July, 1839, and on the 17th day of October following the note was given. The bill of exceptions merely states that on the latter day " the said deputy sheriff Stewart called upon the defendant in this suit and took from the said defendant the note upon which this suit is brought, and gave the said defendant the following receipt," &c. The receipt admits the giving of the note, states on what account taken, and states that if paid, it was to be applied on the execution, which it appears was then in his hands. What conversation took place at the time, does not appear. It is not to be presumed that none was held. Neither is it to be presumed that the defendant would have given the note to Stewart unless he knew what had been done. The agreement in the receipt respecting the application of the note if paid, cannot change the legal position of the parties. It was substantially an agreement to discharge the defendant upon payment of the note. This was all the defendant needed, if indeed, any thing of the kind was necessary, as at that time there was no liability on his part which could be enforced. In the case of *Mills* v. *Young* the note was held invalid, on the ground that it was obtained by fraud and unauthorized coercion. Nothing of the kind can be alledged in the present case.

Upon the whole I am satisfied that there are no legal obstacles in the way of the plaintiffs' recovery.

New trial denied.

[MONROE GENERAL TERM, June 3, 1851. *Welles, Selden* and *Johnson,* Justices.]