## GOULDING *vs.* DAVIDSON.

A married woman, after her coverture ceases, cannot make a valid legal promise to pay a debt which she incurred during coverture.

The decision of the superior court of New York, in *Watkins* v. *Halstead,* (2 *Sandf. Sup. C. Rep.* 311,) approved .

A mere moral obligation is not a sufficient consideration to support a promise, unless it is founded on a previous *legal* liability.

THIS action was brought upon three promissory notes, made by the defendant during her coverture, and also for a balance due upon an account, for merchandise sold to her during her coverture. The complaint alleged that the promissory notes were for goods sold and delivered to defendant at her request, "and solely on her credit and responsibility, she being then a trader doing business in her own name, and for her own personal benefit and advantage, she holding herself out to be an unmarried woman;" that she now alleges that she was then married, but that after the sale, &c., and after the death of her alleged husband, "she, in consideration of the premises, and of her duty in that behalf, and of the moral obligation resting upon her to pay," promised to pay. The demurrer was "that the said amended complaint does not contain facts sufficient to constitute a cause of action."

The court, at special term, allowed the demurrer, and the plaintiff appealed.

*A. Boardman,* for the appellant. I. The complaint sets forth six distinct causes of action, in six distinct counts. (*See* § 150, *and Rule* 86.) The demurrer is that the complaint "does not contain facts sufficient to constitute a cause of action." If the facts set forth in any one of the counts constitute a cause of action, there must be judgment for the plaintiff.

II. There can be no doubt that the facts set forth in the 1st, 2d, 3d and 4th counts, do as to each count state a good cause of action. They contain no admission that the defendant was a married woman, nor does any part of the complaint

Each of these counts states a good cause of action in a well settled legal form.

III. The sixth count was added as an amendment to the original complaint after the original answer of the defendant was served, setting up coverture, and is adapted to meet any proof she may offer of her allegations in that behalf. The promise there alleged is one which constitutes a good cause of action, whether at the time of making any of the contracts in the previous counts stated she was married or unmarried. (1.) The moral obligation to pay a debt contracted during coverture, at the special request, for the personal advantage of a married woman, or under any circumstances imposing on her a moral obligation to pay, is a good consideration for an express promise to pay. (*Vance* v. *Wells*, 8 *Ala.* 399. *Barnes* v. *Hedley*, 2 *Taunt.* 182. *Lee* v. *Muggeridge*, 5 *id.* 36. *Ehle* v. *Judson*, 24 *Wend.* 99. *Geer* v. *Archer*, 2 *Barb. S. C. R.* 425. 2 *Greenl. on Ev.* 93. 21 *Am. Jurist*, 276. *Chitty on Con.* (ed. of 1842,) 46, 48. 1 *Chitty's Black.* 443, 359. *Hammond* v. *Hopping*, 13 *Wend.* 505. *Miller* v. *Hull*, 4 *Denio*, 104. *Rice* v. *Welling*, 5 *Wend.* 595. *Early* v. *Mahon*, 19 *John.* 150.) (2.) In this case all the elements of obligation exist. The defendant was "a trader, doing business in her own name," and for "her own personal benefit and advantage." She held herself out to be an unmarried woman, was trusted "solely on her credit and responsibility;" and after the death of her husband "she, in consideration of the premises, and of her duty in that behalf, and of the moral obligation resting upon her to pay," promised to pay.

*D. P. Wheedon*, for the respondent. I. A note made by a married woman during the life of the husband, and given in payment of merchandise sold during her coverture, is void. (*See Watkins* v. *Halstead*, 2 *Sandf. S. C. R.* 311, 1 *Parsons on Cont.* 358, 359, 360, 361, *and notes. Geer* v. *Archer*, 2 *Barb. S. C. R.* 420. *Nash* v. *Russell*, 5 *id.* 556. *Lloyd* v. *Lee*, 1 *Stra.* 94.)

II. If the original contract was void, a subsequent promise, without a consideration, would be void also. A moral obligation alone is not sufficient to change a contract originally void, and make it valid and binding. (*See cases above cited.*)

*By the Court,* CLERKE, J. The counsel for the plaintiff contends, because the complaint contains six distinct counts, in each of which a separate contract or indebtedness is alleged, without an allusion, in any separate count, to the coverture of the defendant, that the demurrer should have been overruled. But, subjoined to the last count, it is expressly stated "that after the sale and delivery of the said goods and after the making of the said notes, and all the said contracts named, and on or about the 1st September, 1854, her said alleged husband died; and she has not since intermarried." And then it goes on to state that after his death, and while she was sole, she promised, in consideration of the moral obligation, to pay this indebtedness. This, taken in connection with the whole language of the last count, is a sufficient admission of the coverture, applicable to all the counts; and indeed, if I rightly recollect, it was stated that the complaint was framed for the purpose of bringing up the question on demurrer, whether a woman, after her coverture ceases, can make a valid legal promise to pay a debt, which she incurred during coverture. And what I stated below, I now state, after further consideration, that I deem the decision of the superior court in *Watkins* v. *Halstead,* (2 *Sandf. S. C. R.* 311,) to be in accordance with the law of this state, on the subject of a promise founded on a mere moral obligation. The principle lying at the foundation of this law, is, that a mere moral obligation is not a sufficient consideration to support a promise, unless it is founded on a former *legal* liability. It has, undoubtedly, been incidentally *asserted* in some of the cases, to which the counsel for the plaintiff refers, that a debt incurred by a woman during coverture, may constitute a sufficient consideration for a promise after the coverture has ceased. But when

these *dicta* were uttered, the question was not directly before the court, and formed no part or element of the adjudication.

The opinion of Judge Vanderpoel, in *Watkins* v. *Halstead,* in which this question was expressly presented, and the only one in the cause, is so complete that it is unnecessary to pursue the subject any further.

I think the judgment of the special term should be affirmed with costs.

NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Ingraham,* Justices.]