## SUPREME COURT.

ALICE LEUART SPEAR agt. JOHN W. DOWNING and others, executors, &c. of BENJAMIN MARSHALL, deceased.

A *complaint* upon an *instrument in writing for the payment of money only,* under § 162 of the Code, is defective, in not stating facts sufficient to constitute a cause of action, where the instrument itself (a copy of which is set out) or the allegations of the complaint fail to express or imply a consideration, or a request essential to the defendant's liability.

Thus, where the plaintiff alleged in her complaint that the testator in consideration of the services therein mentioned, made and delivered to the said plaintiff, then a single woman by the name and description of Miss Alice Leuart, his promissory note or instrument in writing in the words and figures following, to wit:

"TROY, *August 4th,* 1846.

" I hereby agree to pay Miss Alice Leuart twenty dollars per month during her natural life for her attention to my son John Stanton Marshall.

BENJAMIN MARSHALL."

and then alleges the death of Benjamin Marshall, the granting of letters testamentary to the defendants, and the amount due the plaintiff under and in pursuance of the written instrument,

*Held,* on demurrer, that the complaint did not state facts sufficient to constitute a cause of action, on the ground that there was *no request* averred or necessarily or fairly implied to perform the services alleged as the consideration in the instrument, and there was no averment that the services were *beneficial* to the testator. (PECKHAM, J., *dissented.*)

*Albany General Term, March,* 1861.

GOULD, HOGEBOOM and PECKHAM, *Justices.*

APPEAL by defendants from order of special term overruling demurrer to complaint. The complaint alleges that the testator, in consideration of the services therein mentioned, made and delivered to the said plaintiff, then a single woman by the name and description of Miss Alice Leuart, his promissory note or instrument in writing in the words and figures following, to wit:

"TROY, *August 4th,* 1846.

" I hereby agree to pay Miss Alice Leuart twenty dollars per month during her natural life, for her attention to my son John Stanton Marshall.

BENJAMIN MARSHALL."

The complaint then proceeds to allege the death of Benjamin Marshall on the 2d day of December, 1858; the grant of letters testamentary to the defendants; that at the time of his death sixteen monthly payments agreed to be made by the instrument aforesaid, remained due and unpaid, amounting to the sum of $320; that since his decease, twenty-one monthly payments, up to the first September, 1860, have become due and payable to said plaintiff, amounting to the sum of $420; no part of which has been paid, though duly demanded, and demands judgment for both the said sums of $320 and $420, with interest on the monthly instalments, together with costs of the action.

The defendants demurred to the complaint on the ground that the same does not state facts sufficient to constitute a cause of action, and specified the following defects : 1, that the complaint contains no allegation of the performance or bestowment of attention ; 2, nor of the nature, extent or value of such attention, nor that it was of any value.

J. A. MILLARD, *for plaintiff* (*respondent.*)
CHARLES R. INGALLS, *for defendants* (*appellants.*)

By the court, HOGEBOOM, Justice. I think the complaint is not insufficient for either of the specific defects named in the demurrer. I think the fair inference is, that the services or attentions had been already rendered. The omission to state their nature, extent and value, if necessary to be stated, was a defect to be reached by motion, under section 160 of the Code, and not by demurrer.

But I think substantial and radical defects in the complaint may still be reached under the general allegation that the complaint does not state facts sufficient to constitute a cause of action. (*Code,* § 144 ; *Durkee* agt. *Saratoga R. R. Co.,* 4 *How.,* 226 ; *White* agt. *Brown,* 14 *How.,* 282 ; *Haire* agt. *Baker,* 1 *Seld.,* 359 ; *Connecticut Bank* agt. *Smith,* 17 *How.,* 487)

This brings us to the question principally argued before us, to wit : whether the complaint on its face contains the elements of a good cause of action.

This depends mainly upon the construction to be given to § 162 of the Code, which provides that " in an action or defence founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due him thereon from the adverse party a specified sum which he claims."

The instrument in question comes within the *literal* description of the kind of instrument mentioned in this section, for it is an instrument for the payment of money only. But obviously something more is necessary.

It would seem that it should be an instrument on its face *apparently* valid; certainly one not *clearly void;* for then the instrument would nullify itself.

This instrument is not a *promissory note*, because it was not payable at all events. The death of Alice Leuart within a month after the date of the instrument, would have defeated any recovery. (*Prindle* agt. *Carruthers*, 15 *N. Y. R.*, 430.) In the language of the court of appeals, " it is necessary, therefore, that the promise should from the complaint appear to have been made upon consideration. (*Ibid., p.* 430.)

There is no allegation of consideration in the complaint independent of that, if any, which appears upon the face of the instrument. That consideration, as alleged, is·· " for her attention [paid or given] to my son John Stanton Marshall."

To make defendants liable, this attention must have been bestowed either in pursuance of a request previously made, or must have been in its nature beneficial to the party promising, so as to operate as a reasonable and probable consideration for the promise. (*Ingraham* agt. *Gilbert*, 20 *Barb.*, 152 ; *Ehle* agt. *Judson*, 24 *Wend.*, 97, 98 ; *Goulding* agt. *Davidson*, 28 *Barb.*, 438 ; *Wilson* agt. *Baptist Educa-*

*tion Society*, 10 *Barb.*, 308 ; *Gould's Pleadings*, 176, § 15.)

Here, certainly, *no request* whatever is averred, and I think not necessarily or fairly implied. The instrument is quite as consistent with the idea that the services were performed without any request at all, or at the request of John Stanton Marshall, as at the request of the testator.

It seems to me this should not be left to inference. The request is a pre-requisite to the liability, and I think the pleader should aver it. While pleadings are not to be condemned for want of form, and are to be liberally construed, I think substantial defects are not to be disregarded. We are not to uphold a pleading simply because a state of facts *might* exist against what is probable, which would justify an action.

The same considerations apply to the other alternative. I do not see that the services are *presumed* to have been *beneficial* to Benjamin Marshall. They were rendered to another person—his son, not alleged, not presumed to have been a minor, or in a situation to make it obligatory upon the father to support him.

If every fact fairly inferable from the terms of this writing were spread out on the face of this complaint in the shape of distinct and positive allegations, the complaint would not have stated a good cause of action. If Benjamin Marshall had declared orally in so many words what he has thus expressed in writing, I think no one would have supposed he rendered himself liable to an action.

We ought not, I think, to extend the application of § 162 beyond the probable intent of the legislature, or to give a party the benefit of a cause of action by this indirect mode of averment, when he would not have had it, if he had put his allegations in proper form and in express terms. *Some* rules of pleading in the confusion and anarchy introduced by the Code must still be observed ; and one of these is, or ought to be, that where a consideration is not implied, or a request " is essential to the defendant's liability, it is the

gist of the action and must be specially averred." ( *Gould's Pleadings*, 176.)

The case of *Prindle* agt. *Carruthers*, (15 *N. Y. R.*, 425,) is not in conflict with the views here expressed. *There*, the consideration " for value received," appeared from the face of the instrument, and was, moreover, held to have been argumentatively inferable from the extrinsic allegation that the defendant made his *contract* in writing. (14 *N. Y. R.*, 431.)

It is suggested that the rule that where a contract is susceptible of a two-fold construction, one of which will make it valid and the other void, the legal presumption is in favor of the validity of the contract, may help the plaintiff in this case. The rule turns rather upon a question of evidence or presumption 'than of pleading. If the question here turned upon the *nature* of the services rendered, the rule would apply. But it turns upon the question for *whom* or at *whose request* were the services rendered; and the absence of any allegation on this point was never, that I am aware, supposed to be aided or cured by this rule.

It is further suggested that the rule of construing a pleading under the Code, contrary to what it was before, is to construe it most favorably to the pleader. I do not admit the existence of the rule to this unqualified extent. It may be admissible on questions of form, but it cannot be applicable in regard to the fundamental requisites of a cause of action.

The order of the special term should be reversed, with costs, and judgment rendered in favor of the defendants on the demurrer, with leave to the plaintiff to amend her complaint on payment of costs.

Gould, J., concurred.

Peckham, J., dissented.