## LEBANON v. STILLMAN GRIFFIN.

A son may be charged for necessaries furnished to his parent at his request, but such request must be proved. A request will not be inferred from the natural duty of relieving and supporting a needy parent.

Without such request a son cannot be charged for the support of a parent standing in need of relief, except in compliance with the terms of the statute relative to the support of the poor.

The liability of a child for the support of his parent, does not depend on his residence, nor on the settlement of the parent.

A writ in favor of "the inhabitants of the town of L." does not describe the corporation properly, but it may be amended.

ASSUMPSIT. The sheriff was commanded to attach the goods or estate of Stillman Griffin of Hartford, in the county of Windsor, and State of Vermont, &c., and summon him, &c., to answer to the inhabitants of the town of Lebanon, in the county of Grafton, in a plea of the case, for that whereas Mary Griffin of Lebanon, &c., on the day of the date of this writ, and for a long time previous, to wit, for the space of five years last past, at said Lebanon, had fallen into distress within said town of Lebanon, and then and there stood in need of immediate relief, and the defendant, being the son and near relative of the said Mary Griffin, and being of sufficient ability, having neglected and refused to furnish suitable provision and maintenance for the said Mary Griffin; the said plaintiffs then and there furnished, provided, laid out

and expended a large sum of money, to wit, three hundred dollars, for food, drink, washing, lodging, clothing, nursing, and other necessaries, found and provided by the said plaintiffs, for the said Mary Griffin, at the defendant's request, and for the immediate relief and comfort of the said Mary Griffin, of which said several premises the said defendant had notice, whereby the said defendant became liable, and, in consideration thereof, then and there promised the plaintiffs to pay them the same sum on demand, yet though requested, has not paid the same.

There were other counts not materially variant from this, so far as the questions raised in the case are concerned.

The defendant appeared and demurred to this declaration, for the following among other causes :

1. Said action, being brought by the inhabitants of the town of Lebanon, and not by the town as a corporation, is not brought by, nor in the name of, any party or parties, legally competent in law to bring or maintain the same.

2. The declaration does not allege that a notice in writing, signed by the overseers of the poor of said town, stating the sums expended for the support of the pauper in question, nor notice of any kind, was ever given to the defendant, nor served upon him in the manner required by law.

3. The defendant, as the writ shows, was not an inhabitant of this State.

4. The pauper is not alleged to have any legal settlement in the town of Lebanon.

*H. Hibbard,* with whom was *Duncan,* for the defendant.

The plaintiffs are a party unknown to the law, and incapable of maintaining an action. Appearing on the face of the pleadings, it may be taken advantage of by demurrer. *Burnham* v. *Savings Bank,* 5 N. H. 446; *Lake Company* v. *Worster,* 29 N. H. 433—42; *Lake Company* v. *Young,* 40 N. H. 420.

The suit can be maintained only by the town, in its corporate capacity and by its corporate name, "The Town of Lebanon." Its name is "the very being of its constitution," "the knot of its combination," without which it cannot perform any of its corporate functions, in which alone it must sue and be sued, and do all legal acts. 1 Black. Com., 474; 2 Kent Com. 278, 292; 1 Chitt. Pl. 286. The suit, in the name of the inhabitants, is inadmissible. *Foster* v. *Lane,* 30 N. H. 305. Their names must be given. 1 Chitt. Pl. 236. It is immaterial, that this form may be adopted in other States under different laws.

The defect may be pleaded in bar, if there is no such corporation. *School District* v. *Blaisdell,* 6 N. H. 197; *Proprietors of Sunapee* v. *Eastman,* 32 N. H. 470.

The court will notice judicially the existence and names of public corporations within the State. *Company* v. *Watson,* 10 Mass. 91.

The defect, being incurable except by the substitution of a new party,

'cannot be amended. *Wilton* v. *Beck,* 14 E. L. and E., 255; *Leaird* v. *Moore,* 27 Ala. 326; 16 U. S. Dig. 43, sec. 21; *Emerson* v. *Wilson,* 11 Vt. 357. It would make a new case. *Lawrence* v. *Langley,* 14 N. H. 70, and cases cited; *Eagle* v. *Alner,* 1 Johns. Cas. 332; *Little* v. *Morgan,* 31 N. H. 499.

2. This action, not being given by the common law, but solely by statute, *Edwards* v. *Davis,* 16 Johns. 281, *French* v. *Bunton,* (Grafton Co.,) 2 Kent Com. 279, must be in strict conformity to the statute provisions. *Meredith* v. *Canterbury,* 3 N. H. 80. The notice required by the statute to be served and returned in the form and manner there prescribed, is expressly made an essential prerequisite to the maintenance of the suit. Comp. Stat. 159, secs. 10-13. The declaration must allege a compliance with all the statute conditions. *Wright* v. *Cobleigh,* 21 N. H. 339; *Ferris* v. *Ferris,* 25 Vt. 100-2.

Even, at common law, a special request, with particulars of time, place, &c., is necessary. 1 Chitt. Pl. 360-4; *Watson* v. *Walker,* 23 N. H. 471; *Bach* v. *Owen,* 5 T. R. 409.

3. The operation of all pauper laws, both as to the obligation imposed and the enforcement of the remedy, is local, and cannot extend to the citizens of other States. *Hanover* v. *Weare,* 2 N. H. 131; *Peterborough* v. *Lancaster,* 14 N. H. 382; *Georgia* v. *Grand Isle,* 1 Vt. 464.

The notice cannot be legally served upon any person resident out of the State. See secs. 11-12. The return must be made to the clerk of the court in the county, in which the town or person chargeable may be.

*Morris* and *Blaisdell,* for the plaintiff.

The first objection raised by the demurrer is merely technical, and the writ may be amended on motion, or the unnecessary description rejected as surplusage.

The question, whether a party within the line of relation described in the statute provision, but a citizen of another State, is exempt for that reason from all liability for the support of his destitute friends, has not been here distinctly settled.

If, by precedent or principle, such party is liable, then the objection to the notice, or to the manner of service or return, falls to the ground, as it would be impossible to conform to the statute requirements in these preliminary steps in most cases, as it must depend upon the mere chance of the party coming into the State within ninety days of the time such necessaries were furnished, or coming within the jurisdiction at any time after such notice was given. The statute was evidently intended for the benefit of other towns in this State, and for persons liable to contribute who are citizens. As to the citizens of other States, made liable under the humane provisions of the statute, another and different rule applies. All that the law can require is to give the party such notice as is necessary in other cases in ordinary actions of assumpsit, to wit, by demand, by process, and by specification, and to be shown as matter of evidence under the general issue, as in other cases.

The objection that the defendant resides out of the State involves the whole issue before the court. If it is settled by precedent upon mature investigation, that a citizen of another State is exempt from liability in a case like the present, then the remedy in this jurisdiction fails, and the cause is at an end. Then, it becomes a question of the utmost importance, and should be carefully considered, and if it should be determined that a party is liable in such case, then the statute provision for notice is inapplicable, and the objection is groundless.

BELL, C. J. It must be regarded as settled, that there is, at common law, no legal obligation to support a parent. *Reeves,* (Dom. Rel. 284,) says " the statute of this State (Connecticut) makes it the duty of parents to support their children, and grand-parents, their grand-children, children, their parents, and grand-children, their grand-parents." This statute imposes on such relatives obligations unknown to the common law.

This question arose in the case of *Edwards* v. *Davis,* 16 Johns. 281, where it was held, that " there is no common law obligation, by which a child is liable to support an infirm and indigent parent; but the liability of the child is created solely by the statute, and therefore the law does not imply a promise from the child to pay for necessaries, furnished without his request to an indigent parent, and the natural obligation can only be enforced in the mode pointed out by the act;" and Spencer, J. said: "The liability of a child to support its parents, who are infirm and destitute, or aged, is wholly created by statute, and it has been truly said that the statute imposes on such relatives duties unknown to the common law." *Reeves,* Dom. Rel. 284; 1 Black. Com. 448. In *Rex* v. *Munden,* 1 Stra. 190, Pratt, C. J., said with the concurrence of the court : "By the law of nature a man was bound to take care of his own father and mother, but there being no temporal obligation to enforce that law of nature, it was found necessary to establish it by act of parliament;" and he adds what equally applies in the present case : "Now the duty of a child of sufficient ability to maintain its poor and destitute parents, being an imperfect one, not enforced by the common law, and the statute having prescribed the manner in which it is to be enforced, and the extent of the liability, the statute remedy is the only one to be resorted to. Then, the consequence necessarily follows, that no one, who has afforded relief to indigent persons, from motives of humanity, or from any other consideration, can maintain a suit upon an implied contract, against the children of such parents, arising merely from the duty which such a person owes to its parents to support them."

It was urged on the argument, that "the court would intend a request from the moral duty operating on the child." But the court held otherwise, and that the facts negatived the idea of a request. Kent, (2 Com. 208,) after stating the New York statute, says, this is the only legal provision made, (for the common law makes none,) to enforce a plain obligation of the law of nature. 16 John. 281; 1 Stra. 190.

The promise of a son to pay for past expenditures in relief of an indigent parent, is not binding in law. *Mills* v. *Wyman,* 3 Pick. 207;

*Cook* v. *Bradley*, 7 Conn., 57; S. P. 1 Bouv. Inst. sec. 328; 1 Walk. Am. Law, 260, sec. 109. It is otherwise by the civil code of Louisiana, Art. 245, and by the code Napoleon, secs. 205–7.

The declaration in this case clearly does not show a cause of action within the statute, the notice required by the statute not being alleged. But the declaration, in each of its counts, alleges that the relief and supplies were furnished by the plaintiffs at the request of the defendant. If an express request can be shown, there does not seem to us to be any doubt that the defendant would be liable; and such proof would be competent and admissible under either of these counts. If the plaintiffs should be unable to prove an express request before the supplies were furnished, they must fail in their action.

In *Ehle* v. *Judson*, 24 Wend. 96, it was held that a mere moral or conscientious obligation, unconnected with a prior legal or equitable claim, is not a sufficient consideration to support a promise; and Bronson, J., said: "Services voluntarily rendered, though they may be beneficial, impose no legal obligation upon the party benefited. *Bartholomew* v. *Jackson*, 20 Johns. 28. The service must be rendered on request, *Dunbar* v. *Williams*, 10 Johns. 259; and, in counting upon a past consideration, a request must in general be alleged. *Comstock* v. *Smith*, 7 Johns. 87; *Parker* v. *Crane*, 6 Wend. 647. It is not necessary that there should be direct evidence of a request. This, like most other facts, may be established by presumptive evidence, and the beneficial character of the services, though not enough, when standing alone, may be very important in a chain of circumstances tending to establish the presumption. 1 Saund. 264, n. 1; 14 Johns. 378, 188. It has been said that a moral obligation is a sufficient consideration to support an express promise. *Stewart* v. *Eden*, 2 Cain. 150; 14 Johns. 378; *Lee* v. *Muggeridge*, 5 Taun. 37 . But this must be taken with some qualification. The moral obligation to pay a debt, barred by the statute of limitations or an insolvent's discharge, or to pay a debt contracted during infancy or coverture, will be a good consideration for an express promise, but a merely moral or conscientious obligation, unconnected with any prior legal or equitable claim, is not enough. 3 B. & P. 249, n; *Smith* v. *Ware*, 13 Johns. 257; Lawes' Pl. Asst. 54; 16 Johns. 283. But here the defendant was under no legal obligation whatever. Nothing had been done at his request, or for his benefit. The plaintiff has often failed upon an express promise in much stronger cases than this. *Hunt* v. *Bate*, Dyer, 272; *Frear* v. *Hardenbergh*, 5 Johns. 272; *Smith* v. *Ware*, 13 Johns. 257."

In *Mills* v. *Wyman*, 3 Pick. 207, it was held that the general position, that a moral obligation is a sufficient consideration for an express promise, is to be limited, in its application, to cases where a good or valuable consideration has once existed. Thus, where a son, who was of full age, had ceased to be a member of his father's family, was suddenly taken sick among strangers, and, being poor and in distress, was relieved by the plaintiff, and afterwards the father wrote to the plaintiff promising to pay him the expenses incurred, it was held that such promise would not sustain an action.

So, in *Loomis* v. *Newhall*, 15 Pick. 159, it was held that the liability of a father, under the statute, to support his son, who is unable to support himself, does not accrue until proceedings have been had pursuant to the statute.  Consequently, furnishing supplies to the son, before such proceedings have been had, is not a benefit to the father, so as to constitute a legal consideration for his promise, made after the supplies were furnished, to pay for them.  If supplies were furnished to defendant's son gratuitously, a verbal promise would be valid, so far as the statute of frauds is concerned, for it would not be the debt of another.  The judge says, there is no evidence in the case, from which a jury would be warranted in finding that the plaintiff made the supplies to the son at the father's request, and, unless such request were proved, and the credit were given to the father originally, he would not be legally liable to pay for them.

We regard the decision in *Russell* v. *Dyer*, 43 N. H. 396, as settling the question, that where a party relies upon the provisions of a statute, on which alone his claim or right depends, he must show a compliance with the terms and conditions of the statute.  It is not enough that he shows he did all that was in his power to comply with them.  See authorities there cited.

According to the practice, which has for a long time existed in this State, both in the language of charters, and in the general laws, as well as in legal proceedings, a town corporation is described as "the town of L." and not, as in some other jurisdictions, "the inhabitants of the town of L." The description of the plaintiffs is manifestly defective.  In the case of public corporations created by public laws, the court is officially to take notice of the corporate character, and, by our law, "no writ, declaration,  *  or other proceeding in the courts, or course of justice, shall be abated, quashed, or reversed, for any error or mistake, where the person  or case may be rightly understood by the court, and courts may on motion order amendment in any such case."  We cannot fail to see that the town of Lebanon is the party intended to be described as the plaintiff, and, on motion, the error may be corrected by an amendment.  *Berry* v. *Osborn*, 28 N. H. 284; *Adams* v. *Wiggin*, 42 N. H. 553; *Winnipisseogee*, &c., v. *Young*, 40 N. H. 429.

We are unable to see that it is at all material to the plaintiff's claim, that the defendant is not an inhabitant of the State, nor that the pauper has no legal settlement in Lebanon.  The duty of the overseers of the poor is to relieve all persons in their town, who stand in need, whether they have a settlement there or not.  Rev. Stat. ch. 66, sec. 1.  And the duty of relations to support their relatives within the prescribed degrees, is unqualified, except by the course of proceeding prescribed by the law.  *Ib.* sec. 8, &c.

*The demurrer is overruled.*        *Plaintiff has leave to amend.*