By the Court.—Van Vorst, J.
The rulings of the learned judge on the trial, in the rejection of the evidence offered by the defendants, and in his charge to the jury, proceded upon the construction he gave to the word “caused” in the answer. He held substantially that it was an admission on the defend-ants’ part that the workmen and persons actually engaged in the alterations, were the servants, and in the employment of the defendants. If he was correct in that construction, his rulings should not be disturbed.
In construing particular portions of its language, other parts of the pleading are often necessary to be considered. In this case, the answer contains a general *329 denial of each allegation of the complaint except what is specifically admitted.
The complaint alleges that the defendants “were making alterations and repairs upon their building.” This is denied, the defendants at the same time averring that they “caused” alterations in and upon the the building. If it was the intention of the pleader to have admitted the “making” of the alterations, then there was no occasion for the qualification.
That the defendants “ caused ” the alterations, does not necessarily imply that the workmen engaged were in their service, or that they are responsible for their acts, or negligence.
If the work was done under independent contracts, made by the defendants with carpenters and masons, who undertook to make the repairs, and engage the necessary workmen for the purpose for a consideration to be paid them by defendants, such workmen would not be the servants of the defendants. Yet in such case it might truly be said that the defendants “caused” the alterations.
The determination and action of the defendants to have the alterations made, may be a formal or primary cause, yet efficient agents were required for the completion of the work. Causing work to be done is not necessarily its performance by the projector. One may cause a building to be erected, and yet not be the builder.
But it is unnecessary to proceed further in this direction.
The severity formerly prevailing in regard to pleadings has been relaxed under the Code. Section 159 of the Code provides as follows: “In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties.”
*330 The fair application of the rule here indicated, would seem to suggest that in construing a pleading a restricted meaning should not be given to words used, clearly susceptible of a more liberal construction, unless the whole pleading shows that the language was used in its restricted sense, especially so when such restricted interpretation would exclude a defense on the merits. For it is to be observed that" the construction of a pleading under this section of the Code is for the purpose of “determining its effect.”
In Richards v. Edick, 17 Barb., 270, Judge Gridley says, “ The rule that once prevailed that a pleading should be construed most' strongly against the pleader .is now abrogated by the Code.” In Allen v. Patterson, 7 N. Y. (3 Seld.), 480, the court says, “The language of a pleading is to have a reasonable intendment and construction; and when a matter is capable of different meanings, that shall be taken which will support the declaration, not that which will defeat it.”
If the language of the answer was “indefinite or uncertain” which would include ambiguousness, the remedy of the plaintiff was by motion to have the same made more definite and certain by amendments (Code,. § 160).
The fair construction of this answer is that the defendants deny that they “made the alterations and repairs,” although they caused them to be made.
We think that the learned judge erred in excluding the evidence offered by the defendants tending to show that the repairs were made by contractors under them. For this reason there should be a new trial.
In this view it is not necessary to examine and pass upon the other exceptions taken by the defendants to the evidence or to the judge’s charge.
Order accordingly.
*331 The judgment should be reversed and a new trial ordered, costs to abide the event.*
Monell and Sedgwick, JJ., concurred.
Judgment accordingly.

 The provision of the Code applied in this case has been often overlooked, and the old rule that a pleading is to be construed most strongly against the pleader reiterated (Beach v. Bay State Co., 10 Abb. Pr., 71 ; S. C., 30 Barb., 433 ; Winter v. Baker, 50 Barb., 432 ; Bunge v. Koop, 48 N. Y., 225). And in Spear v. Downing, 12 Abb. Pr., 437 ; S. C., 34 Barb., 522, it was held that the liberal rule of the Code applies only to matters of form. But see Conaughty v. Nichols, 42 N. Y., 83, where other cases are collected.