ESTHER O'HARA, APPELLANT, *v.* LEWIS W. ROBINSON, RESPONDENT.

*What is not a good consideration — judgment lien, on land conveyed with covenant for quiet enjoyment — grantor not bound to discharge it.*

Esther O'Hara conveyed, by a deed which contained no covenant against incumbrances, but only one for quiet and peaceable possession, certain lands to Lewis W. Robinson, who paid part of the purchase-price by his note, and was at the time indebted to O'Hara upon another note.

Before these notes became due Robinson discovered that there was an apparent lien upon the premises, and thereupon O'Hara agreed to deposit the notes with a third person, to be held by him until the lien was discharged.

In an action brought by O'Hara to enforce payment of the notes,

*Held,* that there was no consideration for the promise of O'Hara, as there was no legal liability whatsoever upon her to procure the lien to be discharged.

APPEAL by the plaintiff Esther O'Hara from a judgment of the Supreme Court, entered in the office of the clerk of Niagara county on the 16th day of September, 1891, dismissing the complaint upon the merits, with costs, after a trial at the Niagara County Circuit before the court and a jury.

*H. M. Davis,* for the appellant.

*G. W. Pound,* for the respondent.

DWIGHT, P. J.:

In May, 1883, the defendant was indebted to the plaintiff on two promissory notes, one of $250, for a part of the purchase-price of lands sold by the former to the latter; and one of fifty dollars for borrowed money, both due on the 1st day of April, 1884. In June,

1883, the defendant learned that a judgment of $226 had been docketed in Niagara county, in the year 1876, against John O'Hara (since deceased), the grantor of the plaintiff, and Robert O'Hara, his son, which had never been discharged, and was then an apparent lien on the premises which the plaintiff had conveyed to the defendant, with covenant, only, for quiet and peaceable possession. The defendant thereupon applied to the plaintiff, as he testifies, to secure him in some way against the judgment, and the result of the negotiation, and of the defendant's urgency, was that the plaintiff, who was an aged woman, entered into an agreement in writing with the defendant, by which she agreed to place her two notes in the hands of a neighboring magistrate as collateral security for the satisfaction of the judgment mentioned, to be given up to her only on the satisfaction of such judgment; and in case the judgment was not satisfied, the defendant was to pay it and keep the money paid out of the amount due to the plaintiff on the notes. The two notes and the agreement were accordingly deposited with the person named.

In March, 1890, a few days before the statute of limitations had run against the notes, the plaintiff, by her agent, applied to the defendant for their payment, and that being refused she accepted a renewal note for the amount of the two, with interest, payable in one year, and executed with the defendant a second agreement of the same character as the first, relating to the renewal note, and placed it, with the new agreement, in the hands of the same depositary.

When the extension of time given by the new note had expired, this action was brought, wherein the complaint alleged the giving of the original notes and the extension of time by the new one, and asked judgment for the amount of the latter, with interest.

On the trial the plaintiff made proof of all the notes; the defendant proved the two agreements, and the plaintiff offered to prove that the judgment was paid. The last-mentioned evidence was excluded, the court holding that the notes were not enforceable until the judgment was discharged of record. At the close of the evidence the defendant moved for a nonsuit on the ground that the agreement in evidence had not been complied with, and the plaintiff moved for the direction of a verdict on the ground, among others, that the agreement was void for want of consideration. The court

denied the plaintiff's motion and granted that of the defendant, holding that there was a moral obligation on the part of the plaintiff to remove incumbrances from the title to the land conveyed by her, which afforded a sufficient consideration for the agreement in question.

In this ruling we think the learned court was in error, and that the motion for the direction of a verdict should have been granted on the ground, if no other, that the plaintiff's agreement, to delay the collection of her notes until the judgment mentioned was satisfied, was without consideration and of no effect.

A mere moral obligation is not a sufficient consideration to support a promise. It must be founded upon a previous legal liability; or it must be one which can be enforced at law; or which, at least, furnishes an available defense; or be based upon facts which estop the promisor to deny a legal obligation to the same effect. (*Goulding* v. *Davidson*, 28 Barb., 438; *Watkins* v. *Halstead*, 2 Sandf., 311; *Geer* v. *Archer*, 2 Barb., 420; *Smith* v. *Ware*, 13 Johns. Rep., 257; *Ehle* v. *Judson*, 24 Wend., 97.)

But there was no moral obligation resting upon the plaintiff to discharge the judgment. The only obligation assumed by her, in connection with her conveyance to the defendant, was that embodied in her covenant for quiet and peaceable possession, of which there had been no breach. Indeed, the learned judge at the circuit seems to have based his theory of moral obligation upon the assumption that some representation had been made by the plaintiff at the time of the conveyance, to the effect that the title was free from incumbrance. But we find in the case no evidence whatever upon which to base such an assumption, and the case stands simply on the plaintiff's covenant contained in her deed, from which it is certain that no obligation has yet arisen which could be the ground either of an action or a defense on the part of the defendant.

Such being the case, there was no consideration for the agreement of the plaintiff to postpone the collection of the original notes beyond the time to which they were extended by the renewal. The agreement embraced no element of benefit to her, nor of harm or detriment to the defendant. She was in no case to receive nor he to pay anything more than the amount actually due on the original notes; and the agreement of the defendant to pay the judgment (at

such time as he should see fit) only provided a mode in which he might pay a portion of his debt to the plaintiff.

For the error here indicated the judgment should be reversed.

MACOMBER and LEWIS, JJ., concurred.

Judgment appealed from reversed and a new trial granted, with costs to abide the event.