# SUPERIOR COURT OF BALTIMORE CITY.

Filed March 23, 1910.

LYELL, ASSIGNEE,
VS.
WALBACH.

Before Judge SHARP and a jury.

*Sadtler & Lyell* for plaintiff.
*Miller & Bonsal* for defendant.

SHARP, J. (Orally)—

The plaintiff has not made out a case.

At common law a married woman could not make contracts. Modifications of that rule arose, and a married woman was permitted to make contracts binding her sole and separate estate and her statutory separate estate.

But these exceptions have no application to this case, because the defendant never had any separate estate.

This was the law in Maryland until the Act of 1898, Chapter 457, Section 5, which provides: "Married women shall have power to engage in any business and to contract, whether engaged in business or not, and to sue upon their contracts. * * * Contracts may also be made with them, and they may also be sued separately on their contracts," etc.

The goods for which suit is now brought were all sold prior to the passage of the act, therefore the defendant was not liable primarily at the time she bought the goods. Whether her husband was liable or not, I need not decide as it does not enter into this case, but it is perfectly clear that she was not, because she was under the disability of coverture.

This suit is on an account stated and the plaintiff claims that the defendant, since the passage of the Act of 1898, Chapter 457, which removed her disability, admitted her liability and promised to pay the sum specified in the account.

If this is construed as a promise to pay a debt of her husband, it is void, because it is not in writing as required by the statute of frauds. If it is construed to be an original promise by the wife to pay, there was no consideration for the promise, and she was not bound.

It is contended there was a moral obligation to pay for the goods, and that this was a sufficient consideration to support the promise made after her disability was removed by the statute. A good deal may be said in favor of this. The goods were necessaries of life, and they were consumed by the family, her mother, her husband and herself.

But the case before the court is purely a question of law, and not of any conscientious scruples or moral obligations. Was there a sufficient consideration to support the promise the defendant was alleged to have made after her disabilities were removed? I do not think so.

In the Encyclopedia of Law, Vol. 6, p. 681, this subject is discussed. In Note 4 a number of cases are cited. A distinction is made between obligations which are merely voidable and those which are void. Promises discharged by proceedings in bankruptcy or barred by the statute of limitations, or by infants, are voidable, not void. These will support a promise to pay made after the discharge in bankruptcy or period of limitations has expired or disability removed. But a promise made by a married woman is not voidable but void and will not support a promise made after the disability is removed.

In the case of Littlefield vs. Shield, 2 B. & A. 811, the facts are almost the same as in this case. Goods were sold the wife during her coverture and after the death of her husband she promised to pay. It was held there was no consideration to support the promise.

The same ruling was made where goods were sold to a married woman and she was afterwards divorced. After the divorce she promised to pay. The court said the promise made during coverture was void and would not support a promise to pay made after the disability of coverture was removed. Watkins vs. Halstead, 2 Sandf. 311. See also Waters vs. Bean, 15 Ga. 358.

It is contended that when a promise by a married woman to pay is made before the thing is done and the other party does what he agrees to do on the faith of such promise, a moral obligation exists, which will support the promise made after the disability is removed. But this has no application to the present controversy. There was no promise made before the goods were sold.

The plaintiff's prayers ask the court to instruct the jury that she was "indebted" to him. This is inaccurate and misleading. I cannot say that she was ever indebted. The plaintiff's prayers must be refused on that ground.

I refuse all the plaintiff's prayers and all the defendant's prayers, except the fourth, which is granted. This takes the case from the jury. The verdict of the jury must be for the defendant.